[No. 6529. Decided April 15, 1907.]

W. W. WHIPPLE, *Respondent*, v. D. H. LEE, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACTS—BROKERS—INTEREST IN PROPERTY. A contract reciting that the owner of land agreed to sell the same to plaintiffs at $150 per acre, the plaintiffs agreeing to plat and sell the land and pay all expenses and taxes, and from the proceeds of sales pay the owner $150 per acre, is not a brokerage contract that can be forfeited by the owner, but conveys an interest in the lands.

RECEIVERS—APPOINTMENT—PARTNERSHIP. A receiver is properly appointed at the suit of a partner where his copartner, conspiring with others, wrongfully excludes the plaintiff from participating in the partnership business.

Appeal from an order of the superior court for King county, Griffin, J., entered June 2, 1906, appointing a receiver. Affirmed.

[1]Reported in 89 Pac. 712.

*J. M. Hammond* and *Blaine, Tucker & Hyland,* for appellant.

*Holcomb & Kirkpatrick,* for respondent.

CROW, J.—This action was commenced by the plaintiff, W. W. Whipple, against the American Investment and Improvement Company, a corporation, D. H. Lee, its president, M. C. Robbins, its vice president and assistant secretary, R. H. Lee, its secretary, D. H. Lee individually, and Van de Vanter-Davis Company, a corporation, defendants, for the appointment of a receiver to take charge of certain realty, partnership interests, and other property. From an order appointing a receiver, the defendant D. H. Lee appeals.

The pleadings and statement of facts show that the American Investment & Improvement Company, hereafter called the Company, being the owner of certain unplatted land near the city of Seattle, which was subject to mortgage liens for $26,500, entered into a written contract on November 20, 1905, with the defendant D. H. Lee and one J. R. Young, whereby it sold to them a portion of said land, and whereby they agreed to plat and sell the same tracts, and pay all proceeds to the investment company until it had received $150 per acre. The Company agreed that, when Lee & Young had paid $6,000, it would release one forty-acre tract from the mortgage liens, and that when an additional $6,000 had been paid, it would release another forty-acre tract. Lee and Young were to pay all taxes, and were entitled to all the proceeds of sales, after making the payments above mentioned. On the same date the appellant, D. H. Lee, and J. R. Young entered into a written contract of partnership, whereby it was agreed that they were to handle, buy, and sell real estate, especially the real estate above mentioned; that Young was to pay $600 into the firm for its use, which was to be repaid to him; that he was also to loan $1,000 to D. H. Lee, to be repaid out of Lee's share of the partnership earnings; and that certain other advancements, not exceeding $4,000, were

to be made by Young, if necessary, towards the discharge of mortgage liens upon the land.

Lee & Young entered upon the immediate performance of their contract, platting the land and offering it for sale. Thereafter, on January 20, 1906, the Company and Lee & Young, as parties of the first part, entered into a written agreement with Van de Vanter-Davis Company, a corporation, party of the second part, granting to it the exclusive right for six months to sell the land in small tracts, on installment contracts, at least twenty-five per cent of purchase money to be paid in cash by the vendees as sales were made. The second party was to receive a commission of ten per cent on all sales, and was to pay to the investment company the surplus of all purchase money as collected, until its $150 per acre had been paid, as provided by its contract with Lee & Young, and was to thereafter pay all proceeds to Lee & Young. The land was platted and many pieces were sold by the Van de Vanter-Davis Company to different parties, who hold contracts of sale but have not fully paid the purchase money or received deeds.

On April 6, 1906, the respondent, Whipple, for a valuable consideration, purchased the interest of J. R. Young in the partnership of Lee & Young, the firm then becoming Lee & Whipple. On May 5, 1906, the investment company, by resolution and written notice, attempted to cancel its contracts with Lee & Young, and Lee & Whipple, their successors, and refused to further recognize them or concede to them any interest in the land or the proceeds of its sale. About the same date, D. H. Lee also undertook to exclude Whipple from any participation in the firm business, in so far as it grew out of sales of the land, and the agreement with the Van de Vanter-Davis Company. He failed to refund to Whipple, as Young's assignee, any of the funds advanced by Young, or to account for the same, and he has taken and applied proceeds of the business and sales to his own use or to the use of the Company. D. H. Lee is presi-

dent of the Company, and the only other persons or officers shown to be connected with it are R. H. Lee, D. H. Lee's son, who is secretary, and M. C. Robbins, D. H. Lee's housekeeper, who is vice president and assistant secretary. No affidavits made by R. H. Lee, the secretary, or Robbins, the vice president, were presented on the hearing, nor has their interest in the company, if any, been shown.

From the record it would appear that D. H. Lee has complete control and dictates the policy of the Company, and its officers. He stands in the position, therefore, of procuring the Company to cancel its contract with himself and his partner Whipple, and of doing for the benefit of the Company what would be indirectly for his own benefit. Although a member of the firms of Lee & Young and Lee & Whipple, he now alleges that he has no individual interest in the land or in the contracts above mentioned, the same having been forfeited by the Company. Still he is the only party who has appealed, and he has appealed in his own personal capacity, and not on behalf of the Company or any other party. In other words, he denies that he has any interest in the property, yet he appeals from the order appointing a receiver. The respondent, claiming that he has no appealable interest, has moved to dismiss. While we think this motion one of considerable merit, we will not pass upon it, but decide this case upon the merits, as Lee contends that the receiver has been appointed over the firm which is authorized to, and does, do other business, aside from that arising out of the several land contracts above mentioned, and that he is aggrieved by the order placing the entire firm business in the receiver's control.

The trial court made findings in substantial accordance with the facts above stated. The appellant, D. H. Lee, contends that the contract between the investment company and Lee & Young was a brokerage contract only; that it merely employed them to sell lands of the company for a commission; that it does not convey to them any interest in the land which the company continues to own; and that the company

had a perfect right to forfeit its contract with Lee & Whipple by reason of nonperformance on their part. We cannot agree with these contentions. The contract expressly recites that: "The party of the first part hereby agrees to sell to the parties of the second part, or their assigns, the above-described lands, upon the agreed price of $150 per acre." The evidence convinces us that the appellant, conspiring with the investment company which he controls, has wrongfully endeavored to exclude the respondent, Whipple, from his interest in the land, and in the partnership firm of Lee & Whipple; that although Lee claims the contrary, the respondent has made no default in the performance of the contracts upon his part, and that this is a proper case for the appointment of a receiver.

The order appointing the receiver is affirmed.

HADLEY, C. J., MOUNT, FULLERTON, and ROOT, JJ., concur.