[No. 10884. Department One. April 10, 1913.]

L. F. BOOTHE, *Appellant*, v. SUMMIT COAL MINING COMPANY et al., *Appellants*, PEARL K. LINDEN *et al., Respondents.*[1]

CORPORATIONS—ACTIONS BY STOCKHOLDERS—FOR BENEFIT OF CORPORATION. In an action by a stockholder on behalf of himself and others similarly situated, in which there is a favorable termination, the benefit of which goes to the corporation, plaintiff is entitled to recover a reasonable attorney's fee and necessary disbursements, but such allowance will not be made to a stockholder owning half of the stock, in a controversy with the owner of the other half, in which a receiver was appointed on the theory of a partnership, and no one but the plaintiff was benefited by the result of the suit.

APPEAL—DECISION—"LAW OF THE CASE." Where the supreme court has decided, upon disputed evidence, the right of an officer of a corporation to draw a salary, the decision is the law of the case governing a retrial upon substantially the same evidence.

PARTNERSHIP—COMPENSATION OF PARTNERS. A partner cannot claim compensation from the partnership in the absence of an agreement therefor, even if he renders exceptional services; especially where an agreement had been made whereby each was to draw a like amount each month.

[1]Reported in 131 Pac. 252.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered July 3, 1912, upon findings in favor of certain defendants, in an action for an accounting. Modified.

*Kerr & McCord,* for appellant Boothe.

*J. L. Corrigan,* for appellants Summit Coal Mining Company and R. J. Linden.

CHADWICK, J.—This case has been thrice appealed. 55 Wash. 167, 104 Pac. 207; 59 Wash. 610, 110 Pac. 536, and 63 Wash. 630, 116 Pac. 269. In the first appeal, the case was remanded with instructions to appoint a receiver and to take an accounting, this court saying:

"From all the evidence and circumstances before us, we conclude that Linden's raise of salary was made to divert profits of the corporation to himself, without due regard to the rights of Boothe, and that Linden should account for all salary received by him, in excess of $125 per month. Evidence was offered to show that his services were worth $400 per month. This evidence was contradicted, but, under the circumstances, we shall not enter upon its consideration, the raise having been improperly made in violation of Linden's agreement with Boothe, and without the latter's knowledge and consent."

An accounting has been had, and Boothe and Linden have both appealed.

One of the items allowed Boothe is the sum of $5,000; $2,500 for counsel fees and $2,500 for costs and moneys disbursed by him in the preparation of his case and pending the several trials thereof. The rule undoubtedly is that, where a stockholder in his own behalf and in behalf of others similarly situated prosecutes a suit to a favorable termination and the benefit goes to the corporation, he will be entitled to recover a reasonable attorney's fee as well as his necessary disbursements. 3 Cook, Corporations, § 379; *Baker v. Seattle-Tacoma Power Co.,* 61 Wash. 578, 112 Pac. 647,

Ann. Cas. 1912 C. 859; *McMillan v. Northport Smelting &*
*Ref. Co.*, 49 Wash. 76, 94 Pac. 761.   Such allowances are
rarely if ever made, unless it is made to appear that some
advantage is obtained for the corporation as distinguished
from the interest of the individual stockholder.

In the first appeal (55 Wash. 167, 104 Pac. 207), it was
strenuously insisted that a court of equity would not in any
event appoint a receiver for a solvent corporation.   With-
out denying that doctrine, but expressly reaffirming it, we
took occasion to say that this case was exceptional.   "It is
*sui generis.*"   The parties Boothe  and Linden are equally
interested in the corporation.   Some other names are con-
nected with it as stockholders, but it is not denied by either
party that these are dummies.   We likened the case to one
of partnership, and said that the conditions existing would
not be permitted in a partnership, and that, if they were
partners, a receiver would unquestionably be granted.   We
then decided the case upon the theory of partnership as it
was announced by this court in *Whipple v. Lee*, 46 Wash.
266, 89 Pac. 712, although that case is not cited in our
opinion.   If we had not applied the law of partnership a re-
ceiver would have been denied.   At all times plaintiff Boothe
has been fighting for no one but himself, and against no one
but Linden.   The interest of no third party is involved.
Boothe now relies upon the rule allowing an attorney's fee
to a minority stockholder in a corporation.   He was allowed
a receiver upon the theory of partnership.   The relation of
the parties is the same today as it was when that order was
made, and we see no reason why our attitude toward this
case should be changed to serve Boothe's interest or con-
venience.   The rule is well stated in the syllabus to the
case of *McCormick v. Elsea*, 107 Va. 472, 59 S. E. 411:

"Except in rare instances, the power of the court to re-
quire one party to contribute to the fees of the counsel of
another party, must be confined to cases where the plaintiff,
suing in behalf of himself and others of the same class, dis-

covers or creates a fund which enures to the common benefit of all; but the discretion vested in the court should never be exercised in a case where the interests of the party whose fund is sought to be charged, are antagonistic to the party for whose benefit the suit is prosecuted. The case in judgment belongs to the latter class, and fees were properly refused."

"It is only where one party is, under the principles of equity, entitled to proceed for the benefit of all who stand in a like situation with him, and consequently where the counsel whom he employs stands in a sense as representing all, that counsel are entitled to have their fees paid out of the common fund which they have recovered for the benefit of all." 5 Thompson, Commentaries on the Law of Corporations, p. 5586.

It has been held that a minority stockholder could not recover, even in a corporation case, where his interest is entirely personal. There must be some advantage to the corporation. *Ex parte Gray*, 157 Ala. 358, 47 South. 286, 131 Am. St. 62; 2 Cook, Stock and Stockholders, § 748.

In *Trustees v. Greenough*, 105 U. S. 527, the power of the court to allow compensation in the way of attorney's fees and costs out of a trust fund is learnedly discussed. The court found the interest of the complainant to be personal; that he was not suing for the benefit of the trust:

"He was a creditor, suing on behalf of himself and other creditors, for his and their own benefit and advantage. . . . We can find no authority whatever for any such charge by a person in his situation . . . It would present too great a temptation to parties to intermeddle in the management of valuable property funds in which they have only the interest of creditors, and that perhaps only to a small amount, if they could calculate upon the allowance of a salary for their time, and of having all their private expenses paid. Such an allowance has neither reason nor authority for its support."

Boothe, being an equal partner with Linden in the concern, stands in the same relation to the concern as would a creditor or any other person whose interest is entirely per-

sonal. As we read the record, it would be manifestly unfair to charge either Linden or the corporation with this $5,000. The allowance of costs and attorney's fees is a matter of discretion with the court. In friendly suits where counsel renders a nonpartisan service, it may be that such fees should be allowed as a matter of right (*Patrick v. Patrick*, 71 N. J. Eq. 347, 63 Atl. 848); or where the court can say that they should be allowed by way of punishment. 30 Cyc. 750.

We admit the right of a court—it is sometimes a duty—to meet these costs and expenses out of a common or trust fund, but it is not a right or a duty to be arbitrarily exercised. It is rather to be exercised in sound judicial discretion, and in furtherance of equity and justice. Boothe has shown no right or equity over his adversary. As we read the record, he is no better than Linden. He has done nothing for the common good. If Linden has sought advantage, so has Boothe. We do not hold that either of them has been dishonest, but they have been selfish. Some of Linden's claims have been rejected as illegal and some of Boothe's claims are unreasonable and wholly unsupported by any competent evidence. If he did not turn his claims into money, it is because he did not have the opportunity. If he has gained anything, it has been his gain and he should pay for it.

The "others," who become, because of their relation to a common fund, a supporting element to the doctrine that a court may allow these fees, are lacking in this case.

"We have carefully considered the authorities cited under this point of the appellants. Most of them relate only to costs as such between party and party and whether to be imposed personally or upon the fund. These have no bearing upon the subject under discussion. From the opinions in others, or the language of text-books, expressions are culled to the effect that a fund in court must bear the expense of its administration; that costs in chancery depend upon conscience and the whole merits of a case; that counsel fees out of a common fund belonging to the parties to the

action may be allowed, and that the power of the court over funds in its hands to award costs to be paid out of the fund has often been recognized. . . . What is meant by these authorities is no more than this, that the control of the fund furnishes the opportunity and imposes the duty of recognizing every substantial equity and every existing right in making the distribution, and they leave still before us the inquiry, what right or equity in the petitioners could arm the court with power to transfer to them a portion of the fund beyond their normal share? If there is not such equity there is no such power, for the court does not sit as a bandit, dividing booty." *Matter of Attorney General v. North American Life Ins. Co.,* 91 N. Y. 57, 43 Am. Rep. 648.

We cannot, therefore, in conscience charge the corporation with Boothe's attorney's fees and costs without making a like allowance for Linden. Equity will be best served by charging each party with his own expenses, for, as hereinbefore said, this is not a controversy between a corporation and a stockholder, but between two men, acting as partisans and in their own behalf. The demerit of Boothe's claim in this behalf can be quickly illustrated. The allowance of $5,000 was made in part to pay for the services of expert accountants. The accountant in charge was not appointed by the court so far as we can see, but in all things acted as the agent of Boothe. He was a witness at the trial and his partisanship was evident. He even assumed to construe the original contract between the parties when asked by the court to answer a question of bookkeeping.

"The question presented, therefore, is whether it [the allowance of fees] is proper, where an expert is employed and is acting for one of the parties, to charge the same against the losing party as a part of the costs of the action. If the services of an expert are necessary for the proper presentation and determination of the case, he should be appointed by and act under the direction of, the court. Where, as in this case, he is the employee of one of the parties, the temptation to act in the interest of such party must be apparent. . . . if either party sees proper to employ the services

of an expert for his own benefit, the court should not require the opposite party to pay for the services thus rendered. *Faulkner v. Hendy*, 79 Cal. 265, 21 Pac. 754.

Counsel for appellant earnestly contends that, inasmuch as the record shows valuable services rendered by Linden between the time of Boothe's retirement and the appointment of the receiver, he should be entitled to recover the amount now claimed as his salary. Linden has credited himself on the books with $400 a month, aggregating $9,050. The trial judge followed our former opinion, 55 Wash. 167, 104 Pac. 207, as the law of the case, although he adhered to his former opinion that the agreement between Boothe and Linden, that each should draw $125 a month, was in anticipation of dividends and it was not to be drawn as salary. Whether this holding was right or wrong is not now open to discussion. This court is inclined to hold to the doctrine called "the law of the case." In *Seattle v. Northern Pac. R. Co.*, 63 Wash. 129, 114 Pac. 1038, it is said:

"It is urged with great earnestness that the law of the case was not correctly announced upon the former hearing, and many authorities are cited which hold that the party who is primarily liable cannot stay out of a case and dictate what defenses shall be interposed. We are disposed, however, to treat the conclusion reached on the former hearing as the law of the case. We are aware that this rule is not an inflexible one and binding upon this court. It is, however, fair to the litigants and the trial court, conducive to orderly procedure, and withal sound judicial policy. We have so ruled in many cases."

In reaffirming the doctrine of that case, we do not understand that it is necessary to hold, as counsel insists, that we could not, in a case involving a disputed fact, hold to a rule different from a former pronouncement, where there was additional evidence or a showing that a mistake of fact had been made. In this case, the right of Linden to draw a salary of $125 a month and no more was determined by this court upon disputed evidence and in the light of the original contract.

Nothing further is urged in his behalf except that he has rendered exceptional service in selling coal. This may be admitted. Linden is bound by that rule which prevents a partner from claiming compensation from a partnership in the absence of an agreement therefor. This rule rests upon sound reason. It is the duty of partners to devote their whole time to carrying on the business of the firm. 22 Am. & Eng. Ency. Law (2d ed.), 121. In the same text it will be seen that a partner is not entitled to compensation because he is more active in the business or performs greater or more valuable service than his copartner. "Each partner is taking care of his own, and the law never undertakes to settle between partners their various and unequal services in relation to the joint concern." 22 Am. & Eng. Ency. Law (2d ed.), 121-123; 30 Cyc. 448; where the authorities from almost every state in the Union are collected. There are some exceptions to these rules, but the testimony does not bring Linden within any of them. Considering the relation of the parties to the corporation at the time the contract was made, the fact that each of them was to draw a like amount would indicate that neither of them should have a right to claim for the reasonable value of his services. They would have shared equally in the end for the contract was made in good temper and in keeping with their then present intentions. The net earnings of the company would have been paid in dividends.

All other items considered by the court have been carefully reviewed by us. They involve questions of fact only. We find nothing in the record that would warrant us in further disturbing the findings of the court.

The case will be remanded with instructions to modify the decree to the extent indicated in this opinion. Linden will recover his costs in this court. The parties will pay their own costs in the court below.

CROW, C. J., MOUNT, GOSE, and PARKER, JJ., concur.