[No. 15862.   Department Two.   January 21, 1921.]

J. F. JOYCE, *on behalf of himself and others, Plaintiff,* v. GEORGE C. CONGDON *et al., Defendants.*[1]

CORPORATIONS (87)—STOCKHOLDERS—SUING ON BEHALF OF CORPORATION. A minority stockholder may maintain an action in behalf of himself and others similarly situated where the majority stockholders acquired stock and paid for it out of the funds of the company.

SAME (87-90) — SUIT ON BEHALF OF CORPORATION — JUDGMENT. Where plaintiff stockholder is the only one who will be benefited by his attack upon the corporation paying for stock distributed to majority stockholders, judgment was properly entered in his favor individually for the amount of his loss.

SAME (87)—STOCKHOLDERS—RIGHT TO SUE ON BEHALF OF CORPORATION. One purchasing stock from wrongdoers who acquired the stock through use of funds of the corporation, knowing of the wrong, cannot, as a minority stockholder, complain of the manner in which it was acquired.

[1]Reported in 195 Pac. 29.

SAME (87-90)—SUIT ON ·BEHALF OF CORPORATION—ATTORNEY'S FEES. Expenses and attorney's fees should not be allowed a minority stockholder who brought an action attacking the use of corporate funds in the acquisition of stock by majority stockholders, where the recovery was for the benefit of the plaintiff individually and not for the corporation.

SAME (29-69)—CAPITAL STOCK—INCREASE—STOCK DIVIDENDS. Majority stockholders who negotiated for and purchased outstanding stock and paid for it out of the funds of the corporation cannot sustain the transaction as a stock dividend, where it was not newly issued stock, and where there was no showing of a financial status authorizing a dividend equal to the value of the stock.

Cross-appeals from a judgment of the superior court for King county, French, J., entered March 8, 1920, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court.    Affirmed.

*W. H. Bolen,* for appellant.

*G. E. de Steiguer,* for respondents and cross-appellants.

MAIN, J.—The plaintiff, a stockholder in the Copeland Shirt Company, a corporation, brought this action on behalf of himself and other stockholders alleged to be similarly situated. The individual defendants were officers and trustees of the corporation, and together owned a majority of the issued capital stock thereof. The corporation was also made a party defendant. The purpose of the action was to cause to be cancelled certain stock which had been issued to the individual defendants, and which had been paid for out of the funds of the corporation or, in the alternative, require them to account to the corporation for the value thereof. The action was sought to be maintained for the benefit of the corporation. The trial resulted in a judgment denying any recovery for the benefit of the corporation and giving the plaintiff judgment individually for the sum of fifteen dollars. From this

judgment, the plaintiff appeals, and the defendants prosecute a cross-appeal. The parties will be referred to as plaintiff and defendant.

In the year 1916, the Copeland Shirt Company was doing business in the city of Seattle. Of the issued stock, two shares were owned, one share each, by C. O. Rinehard and J. F. Joyce, the plaintiff; eighty-five shares by the defendant Congdon; ninety-two shares by the defendant Underhill; and one hundred shares by E. P. Fick. In addition to this, there were one hundred and fifty shares which are referred to as the Rinehard-Wooster stock, having been purchased by Rinehard but pledged as security to Wooster. In July of the year mentioned, certain of the majority stockholders negotiated for the purchase of Rinehard-Wooster stock and it was acquired for the sum of five hundred dollars. In payment thereof, a credit of fifty dollars was given upon the books of the company and four hundred and fifty borrowed from a bank upon a note signed by the corporation and endorsed by the stockholders. The note was subsequently paid out of the funds of the corporation. After the stock had been acquired, the certificate therefor was cancelled and the one hundred and fifty shares were re-issued to Fick, Underhill and Congdon in proportion to their holdings in the company.

Sometime during the year 1918, one F. W. Franck purchased all the stock then owned by Fick. This purchase included the stock which had been distributed to Fick out of the one hundred and fifty shares mentioned. Whether Franck at this time knew that a part of the stock which he was purchasing had been paid for by funds of the company, is a disputed question of fact. Without reviewing the evidence, it may be said that, in our opinion, it preponderates in favor of the contention that he knew the source of the stock and how it

was paid for. Franck, after becoming a stockholder, was employed by the company until sometime before this action was instituted. After his connection with the company as an employee ceased, he sought advice to know whether he could maintain an action against the other stockholders to require them to return to the company the stock which they held which had been paid for out of the funds of the company and he was advised that he could not maintain such an action. Subsequently the action was instituted by Joyce, as above stated, and at the time it was begun he owned six shares of the stock. The other stockholders were Franck, Underhill and Congdon and two others owning one share each. The complaint charges that these two stockholders are in collusion with the defendants Congdon and Underhill. From this it appears that the only other stockholder for whose benefit the plaintiff could be prosecuting the action, other than himself, would be Franck.

Little need be said upon the manner in which the one hundred and fifty shares of stock were acquired, paid for and distributed to the other stockholders. As against the will of the minority stockholders, such a transaction was obviously illegal. The stock cannot be acquired, paid for by the funds of the company, and distributed to the majority stockholders. The right of a minority stockholder to attack such a transaction in behalf of himself and other stockholders similarly situated is plain. *Von Arnim v. American Tubeworks,* 188 Mass. 515, 74 N. E. 680.

The plaintiff complains of the fact that the recovery in this case was to him individually, and not to the corporation. It is true that the general rule is that, in actions of this character, the amount of the recovery will go to the corporation and not to the individual mi-

nority stockholders. This rule, however, is not universal. If, in awarding a recovery to a corporation, it would result in a stockholder's receiving a portion thereof to which he was not entitled, then a court of equity will look beyond the corporation and decree the recovery to the individual stockholders entitled thereto. *Brown v. DeYoung,* 167 Ill. 549, 47 N. E. 863.

In this case Franck, having purchased his stock from one of the wrongdoers, could not complain of the manner in which it was acquired by such wrongdoers, and had no right as a minority stockholder to maintain an action. *Home Fire Ins. Co. v. Barber,* 67 Neb. 644, 93 N. W. 1024, 108 Am. St. 716, 60 L. R. A. 927. In that case the authorities are fully cited and reviewed and the citations need not be here repeated. If the stock were cancelled and returned to the corporation, or if the individual defendants were required to account for the value thereof, the result would be that Franck, the party who had no right to complain and who could not maintain the action, would be benefited thereby because, as a stockholder, he would receive his resultant pro rata benefit. There being no other stockholder on whose behalf the action could be maintained by the plaintiff other than himself, the trial court properly awarded him an individual judgment for the sum which would represent his loss in the transaction.

The next question upon the plaintiff's appeal is whether the court erred in not allowing him expenses and attorney's fees in addition to those allowed by statute. The recovery in this case not being for the benefit of the corporation but for the benefit of the plaintiff individually, expenses and attorney's fees other than those fixed by the statute were properly disallowed. *Boothe v. Simmit Coal Min. Co.,* 72 Wash. 679, 131 Pac. 252.

Upon the cross-appeal of the defendants, it is sought to sustain the transaction in dividing the one hundred and fifty shares of stock in that the distribution thereof was in the nature of a stock dividend. To this contention there are two answers: A stock dividend involves the creation and issuing of new stock. 7 R. C. L. 288. The stock divided and distributed was not new stock but stock which had once been subscribed for and was acquired in the manner above set out. In addition to this, there is no showing of the financial status of the company which would authorize a dividend in a sum equal to the value of the stock. Such a dividend may be declared when the corporation is possessed of property exceeding its liabilities in an amount equal to its capital stock, including the increased stock which is distributed as a dividend. *Northern Bank & Trust Co. v. Day,* 83 Wash. 296, 154 Pac. 182.

Both parties having appealed, and neither having prevailed, no costs will be allowed in this court.

The judgment will be affirmed.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.