[No. 19525. Department Two. January 12, 1926.]

HENRY SMITH et al., *Respondents*, v. NEVADA COPPER
MINING, MILLING & POWER COMPANY et al.,
*Appellants*, TACOMA SAVINGS BANK &
TRUST COMPANY, *Defendants*.[1]

[1] CORPORATIONS (260, 261) — FOREIGN CORPORATIONS — ACTIONS
AGAINST—JURISDICTION. The jurisdiction of the court to grant
injunctive relief, at the suit of minority stockholders of a
foreign corporation, is not affected by the fact that the real
estate involved, constituting its property, was situated in an-
other state, and that a co-defendant claiming rights in such
real estate was a non-resident and not before the court, where
the corporation was doing business in this state, and two of its
directors, served as defendants, were residents of the state, and,
with the corporation, made a general appearance and contested
all the claims of the plaintiffs.

[2] CORPORATIONS (87, 88)—SUING ON BEHALF OF CORPORATION—RIGHT
TO SUE—REFUSAL OF CORPORATION OR OFFICERS TO ACT. Minority
stockholders, holding one-fourth of the stock of a corporation
may maintain an action to perpetually enjoin the corporation
from extending an option to purchase its property in exchange
for the stock of another corporation, where, by repeated exten-
sions, the majority stockholders sought to compel the minority
to exchange their 1/4th interest in that company for a 1/170th
interest in the other company, fraud and oppression being estab-
lished; and it was not necessary to first seek redress from the
corporation, where it appears that it would have been useless
to do so.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered March 21, 1925, upon
findings in favor of plaintiffs in an action to restrain
oppressive action on the part of majority stockholders.
Affirmed.

*G. A. McElroy, Harmon & Keyes*, and *F. M. Bottorff*,
for appellants.

*Wm. H. Pratt*, for respondents.

[1]Reported in 242 Pac. 367.

MITCHELL, J.—This action, commenced in August, 1924, was brought by Henry Smith, Canalise Smith and H. M. Grinnell and all other stockholders of the Nevada Copper Mining, Milling and Power Company, a corporation, who are similarly situated, as minority stockholders, against the Nevada Copper Mining, Milling and Power Company, a corporation, and E. L. Messinger and G. H. Reed, as directors and trustees of said corporation, and Tacoma Savings Bank & Trust Company, a corporation, under the laws of the state of Washington. The purpose of the action was to obtain relief from the alleged oppression and fraud of the majority stockholders of the corporation. More particularly stated, the action was for an order temporarily restraining the corporation and the defendant trustees and directors from holding any meeting for the purpose of passing any resolution, or from passing any resolution, further extending an option agreement given by the corporation to one E. F. Gray and by him assigned to the Gray Mining Company, a corporation, and restraining the Tacoma Savings Bank & Trust Company from delivering certain title papers covering the property of the corporation; also for a permanent injunction to the same effect and for a decree compelling the Gray Mining Company to pay to the plaintiffs that which is alleged to be their proportionate share of the option price of the property involved and that, upon failure of the defendants to do so, plaintiffs be adjudged to be the undivided owners of the property covered by the option agreement in proportion to the amount of capital stock they held in the corporation. A temporary restraining order was issued upon the commencement of the action. Upon the hearing of the case, on issues completed, no judgment was given against the Gray Mining Company,

manifestly for the reason that it was not a party to the action and was at all times a foreign corporation doing no business in this state.

Findings of fact and conclusions of law in favor of the plaintiffs were made and entered, and an interlocutory decree was entered on November 19, 1924, in accordance with the theory of the complaint, to the effect that, unless plaintiffs were paid their proportion of the amount due under the option as represented by their stock, within ninety days from the date of the decree, then and in that event the court would issue a permanent restraining order permanently and perpetually enjoining and restraining the defendants as trustees and directors of the Nevada Company and the corporation from holding any meeting or taking any action whatsoever toward further extending the option agreement in any manner or from issuing any new option agreement, deed or transfer, or agreement of any kind to E. F. Gray or the Gray Mining Company or anyone for them or either of them or on their behalf, and also restraining the Tacoma Savings Bank & Trust Company from delivering the deeds and papers in its possession.

The findings of fact, in substance, are: That the Nevada Company is a corporation organized and existing under the laws of Arizona having its principal place of business at Phoenix and having, as provided by its articles of incorporation and by-laws, a place of business in Tacoma, Washington. That the Tacoma Savings Bank & Trust Company is a Washington corporation doing business in Tacoma. That since the organization of the Nevada Company in 1905, the plaintiffs have been and are now owners of stock in that company as follows: Henry Smith, 291,742 shares; Canalise Smith, 947 shares; H. M. Grinnell, 3,334 shares. That the Nevada Company was organized with

capital stock of 1,500,000 shares, of the par value of $1 each, and, aside from its treasury stock of 238,233 shares and that held by the plaintiffs as above stated, its capital stock is held as follows: Gray Mining Company, 904,666 shares; E. F. Gray, one share; E. L. Messinger, one share; G. H. Reed, one share; and other small stockholders, 52,073 shares. That, on September 23, 1918, the Nevada Company entered into an option agreement with E. F. Gray for the sale of all the property of the company consisting of certain mining claims and personal property situated in Elko county, Nevada (a description of the property being given in the option agreement introduced in evidence). That, under the terms of the option, Gray, to be entitled to the property, was to pay $250,000 as follows: $25,000 to be expended in development of the property within one year, $25,000 cash to be paid the second year and $200,-000 to be paid at the end of three years. That the development work was done but that none of the cash payments have been made, and that the interest of the plaintiffs, as represented by their stock in the Nevada Company, is $58,612.55, together with interest on their proportion at six per cent per annum from the date such payments should have been made under the terms of the option agreement.

"VIII. That, under said option agreement, said Nevada Copper Mining Milling & Power Company agreed to and did execute a warranty deed and a bill of sale to the said E. F. Gray of all of the property covered by said option agreement, and deposited the same in escrow with the defendant Tacoma Savings Bank & Trust Company of Tacoma, Washington, to be delivered to the said E. F. Gray upon payment of the purchase price as provided by said option agreement, and said instruments of transfer still remain in escrow with the said defendant Tacoma Savings Bank & Trust Company."

That, at the date of the option agreement, the Nevada Company had assets of at least $250,000 and owed nothing. That immediately upon taking the option, E. F. Gray organized the Gray Mining Company, under the laws of the state of Delaware, with 100,000 shares of capital stock of no par value and immediately E. F. Gray assigned the option agreement to the Gray Mining Company. That, at the date of the option agreement, the original stockholders of the Nevada Company held a majority of its stock and E. F. Gray and the Gray Mining Company held none of it; but, since that date, certain stockholders, including the personal defendants herein, have exchanged their stock for stock in the Gray Mining Company, each retaining one share of stock to qualify him as a director in the Nevada Company, and at the present time the Gray Mining Company holds practically three-fourths of the capital stock of the Nevada Company and "E. F. Gray personally is a holder of a majority of the stock of the Gray Mining Company, and is therefore now in control as a majority stockholder of both of said companies."

"XII. That practically no mining has been done by the said defendants or the Gray Mining Company or said E. F. Gray on the property covered by said option agreement since the making of the same, and nothing has been paid to the Nevada Copper Mining Milling & Power Company under the provisions of its said option agreement providing for a payment of 25% of the net results of all the mining on the property. That there has been no income to either the plaintiffs or to the said Nevada Copper Mining Milling & Power Company from the said property since the making of said option.

"XIII. That, on the 8th day of August 1921 said Nevada Copper Mining Milling & Power Company, at the instance, suggestion and dictation of the said E. F. Gray, passed a resolution extending the time of payment in said option agreement for one year to and in-

11—137 WASH.

cluding September 23, 1922, and on the 25th day of August 1922 passed another resolution extending the said option agreement to and including September 23, 1924, and that it appears from the testimony to be the intention of the said E. F. Gray, being in control of the said Gray Mining Company and of the Nevada Copper Mining Milling & Power Company, to again extend the option and to do so indefinitely to the great and irreparable damage of the plaintiffs herein. That the plaintiffs and defendants have heretofore agreed in open court that, owing to the fact that it was not possible to get this case to trial prior to the expiration of the extension of said option, that the same would be considered as extended for sixty days.

"XIV. That, ever since the making of said option agreement, the defendants herein and the said E. F. Gray have been constantly importuning the plaintiffs to exchange their stock in the Nevada Copper Mining Milling & Power Company for stock in the Gray Mining Company upon the basis of 505 shares of stock in said Nevada Copper Mining Milling & Power Company for one share of stock in the Gray Mining Company; and, upon plaintiffs' refusal so to do, have been from year to year extending the said option, and the court finds from the testimony that it is the intention of the defendants to continue to extend the same at the dictation of said Gray from time to time, until the plaintiffs do make said exchange or their stock becomes worthless.

"XV. That the actions of the defendants E. L. Messinger, G. H. Reed together with E. F. Gray, E. S. Price and Myra K. Price and the Gray Mining Company, amount to a legal fraud as against the minority stock holders of the Nevada Copper Mining Milling & Power Company the plaintiffs herein.

"XVI. That, owing to the fact that the officers and trustees of the said Nevada Copper Mining Milling & Power Company are stockholders, officers and trustees in the Gray Mining Company, and owing to the fact that said E. F. Gray is in control of both of said companies, it would have been useless for the plaintiffs in this case to have demanded from the said Nevada Copper Mining Milling & Power Company, its trustees or

officers to take any action whatsoever looking toward
the enforcement of said option agreement and it would
be impossible for the plaintiffs herein as stockholders
of said company to maintain and enforce their rights
through the said corporation on account of the fact
that said E. F. Gray, through the manipulation of the
stock of the said two companies, has now become both
the buyer and the seller under said option agreement.

"XVII.  That, at the time of the making of said
option agreement, it was further agreed that, when the
money was paid to the escrow holder, Tacoma Savings
Bank & Trust Company, it should be distributed by the
said escrow holder to the various stockholders in pro-
portion to their holding of stock.  That practically all
the other stockholders, except the plaintiffs, have ex-
changed their stock for Gray Mining Company stock
and the only persons interested or to receive any bene-
fit from the payment are the plaintiffs herein.

"XVIII.  The court further finds that the plaintiffs
herein and the other minority stockholders of the Ne-
vada Copper Mining Milling & Power Company are en-
titled to have said option agreement enforced and are
entitled to either payment of the money still due there-
under, to-wit, their proportion of the sum of $225,000
as represented by their stock, together with interest
thereon, or to have said agreement cancelled and the
defendants herein enjoined from further extending the
same or in any manner keeping the same alive or re-
newing the same."

Thereafter, on March 21, 1925, the court, upon show-
ing made that the money required by its former order
to be paid had not been paid, made and entered an
order permanently restraining and enjoining E. L.
Messinger and G. H. Reed, as directors, and the Nevada
Company from holding any meeting or taking any ac-
tion whatsoever toward the further extending of the
option agreement with E. F. Gray, or from extending
any option agreement in any manner, or from issuing
any new option agreement, deed or transfer to the said

E. F. Gray or to the Gray Mining Company, assignee of said E. F. Gray, or to anyone for them or either of them or on their behalf, and that the Tacoma Savings Bank & Trust Company be permanently restrained and enjoined from delivering up the deeds and papers on deposit with it in escrow under the option agreement. The decree further provided that the option agreement be and the same is hereby cancelled and held for naught.

The defendants (other than the Tacoma Savings Bank & Trust Company, which defaulted) have appealed.

The findings of fact are within the allegations of the complaint and, although appellants excepted to all those findings set out in full above and make assignments of error thereon, an examination and consideration of the evidence leads to the view that the findings are correct.

[1] It is assigned as error, upon the overruling of a demurrer to the complaint, that there was no jurisdiction of the persons of the defendants nor of the subject matter of the action, that there was a defect of parties defendant, and that no cause of action was stated. The appellants Messinger and Reed were residents of the state and trustees and directors of the Nevada Company at the commencement of the action, and at the same time the corporation was doing business in Tacoma. Messinger and Reed, together with the Nevada Company, made a general appearance in the action and contested all claims and allegations made by the respondents in their pleading and proof. The fact that the real property described in the option agreement is in another state, like the absence of the Gray Mining Company as a party to the action, in no way deprived the court of power to hear and determine the main thing the action was instituted to accomplish, viz.:

relief from oppression already imposed and protection against a threatened continuance of it, as shown by the manner in which the Nevada Company under its new control, without good conscience, continued to extend the option agreement much beyond the time limit fixed in it, for the manifest purpose of driving the respondents into a surrender of valuable property rights. Respondents own about one-fourth of the outstanding stock of the Nevada Company, and the demands, under the guise of solicitation, on the part of the new management of the corporation that respondents trade in their stock at the rate of 505 shares for one share of the Gray Mining Company's stock (the latter named corporation being dominated by the same persons) was in effect demanding that they take 1/170th of the stock of the new corporation, to which, without any consideration whatever to the Nevada Company, attempt was being made to effectually transfer all of the property belonging to the Nevada Company. This, together with our consideration of the assignment that the court erroneously denied a motion for a nonsuit, will dispose of that portion of the demurrer that the complaint does not state facts sufficient to constitute a cause of action.

Certain portions of the answer were stricken by order of the trial court on motion of the respondents that they were irrelevant and immaterial. Upon examination of the record we are satisfied the order was correct.

[2] Concerning the assignment on the denial of a motion for a nonsuit, we are satisfied there was no error. It may be stated generally that the law is that a majority of the stockholders, or, intervening their meetings, the trustees, shall manage and control the affairs of a corporation, and that every corporation is controlled and dominated by the will of the majority stockholders without the power of the courts to interfere, provided, however, that such domination is not

exercised unlawfully or inequitably. *Theis v. Spokane Falls Gas Light Co.*, 49 Wash. 477, 95 Pac. 1074. Thompson on Corporations (2d ed.), § 4496. That there was fraud and oppression here there can be no doubt. It was so found by the trial court upon an abundance of evidence. In such a case, and in view of the fact that it would have been useless for the respondents to have sought redress through the corporation itself, they were entitled to maintain this action. *Elliott v. Puget Sound Wood Products Co.*, 52 Wash. 637, 101 Pac. 228; *Joyce v. Congdon*, 114 Wash. 239, 195 Pac. 29; *Forrester v. Butte & M. Consol. C. & S. Min. Co.*, 21 Mont. 544, 55 Pac. 229; 14 C. J. (Corporations) 879.

Without discussing in detail each separate assignment of error, that which has been stated above disposes of all the assignments.

Judgment affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.