[No. 20889.   Department Two.   April 14, 1928.]

R. L. Edmiston, *Appellant*, v. Empire Ice & Shingle
Company *et al., Respondents.*[1]

[1] Judgment (200)—Persons Concluded—Privity—Attorney for
Party Interested In Fee.  Where the court, in an action by a
stockholder against the corporate officers, allowed the plaintiff
an attorney's fee of $1,500, the attorney must be considered in
privity with the plaintiff and is bound by the judgment entered.

[2] Appeal (473) — Review — Subsequent Appeals — Law of the
Case.  A decision on appeal in an action by a stockholder
against corporate officers, that an attorney's fee could not be
allowed the plaintiff becomes the law of the case, and is *stare
decisis*, in subsequent litigation between the parties and privies.

[3] Corporations (87) — Suit on Behalf of Corporation — At-
torney's Fees.  In a stockholder's action against corporate offi-
cers, recovering funds of the corporation, there can be no al-
lowance for attorney's fees, where there were only two other
stockholders, who contested the suit and could derive no benefit
therefrom.

[4] Judgments (194) — Conclusiveness In General — Judgments
Reversed.  A judgment entered in the court below in accord-
ance with a decision of reversal on appeal is final and conclu-
sive, and not subject to the objection that it was reversed on
appeal.

Appeal from a judgment of the superior court for
Spokane county, Witt, J., entered June 4, 1927, upon
findings in favor of the defendant, in an action for at-
torney's fees.  Affirmed.

*R. E. Corkery* and *R. L. Edmiston*, for appellant.
*Tustin & Chandler*, for respondents.

Holcomb, J.—The trial court sustained a challenge
to the sufficiency of the evidence of appellant in his
action for attorney's fees against the respondent cor-

[1]Reported in 266 Pac. 703.

poration and another, against whom no relief was asked.

The facts are contained in the findings of the trial court here set forth:

"I

"That the plaintiff is and at all times herein mentioned was an attorney at law regularly admitted to practice and practicing his profession at Spokane, Washington.

"II

"That defendant Empire Ice & Shingle Company is, and at all times herein mentioned was, a corporation organized under the law of the State of Washington, with a capital stock of 500 shares, 259 shares of which were owned by J. H. Schaefer, 50 shares by George H. Schaefer, and 191 shares by S. N. Tefft.

"III

"That about July, 1923, the plaintiff, upon behalf of the said S. N. Tefft, brought an action against the other two stockholders and the corporation for the recovery to said plaintiff and said corporation of certain sums alleged to have been illegally diverted by the other two stockholders, trustees and officers of said corporation to themselves.

"IV

"That the plaintiff under said employment about August, 1923, commenced said action and prosecuted the same to judgment in the superior court for Spokane county, resulting in a decree requiring said J. H. Schaefer to return to the corporation considerable sums of money and the cancelling of a note against the corporation held by the said George H. Schaefer. Said decree also awarded to the plaintiff in said action an attorney's fee of $1,500; that the plaintiff herein was the only attorney of S. N. Tefft, the plaintiff in said action, and was the beneficiary of such award of attorney's fees.

"V

"That thereafter the said J. H. Schaefer, George H. Schaefer, and the corporation appealed to the supreme court of the state of Washington from said judgment,

which appeal resulted in considerable reduction and modification of such decree in said superior court; that the facts in reference to said case and the final judgment therein are set forth in the opinion of the supreme court of the state of Washington in the case of *Tefft v. Schaefer, et al.,* 136 Wash. 302; that said opinion of the supreme court and judgment based thereon expressly reversed that part of the decree of the superior court which awarded attorney's fees and expressly held that the recovery to the corporation in said action was not chargeable with any attorney's fees to the plaintiff in said action.''

While the trial court made no finding as to the value of the attorney's services in the case referred to, it announced at the conclusion of the testimony that it would be willing to find that thirty per cent of the recovery allowed by this court would be a reasonable fee. Upon these findings the court concluded that appellant was not entitled to recover, and so adjudged.

On appeal, appellant makes five assignments of error which are properly condensed in the following contentions:

(1) That the respondent corporation was the real party in interest as plaintiff in the action of *Tefft v. Schaefer,* 136 Wash. 302, 239 Pac. 837, 239 Pac. 1119, referred to in the fifth finding by the court and was the real client of appellant in that suit, but that the relation of attorney and client, as between him and the corporation, did not mature into a cause of action until the judgment in that case had been paid and received by the corporation. As a deduction therefrom, it is contended that the matter of attorney's fees was not properly within the issues of that case and could not be decided therein.

(2) Appellant was neither a party nor in privity to any party to that action and is not bound thereby.

(3) That the judgment in the first case was re-

versed and cannot, after such reversal, be a bar to this action.

(4)   That the grounds of the decision of this court in the former case on appeal were erroneous.

Very elaborate and capable arguments are made by appellant to sustain his contentions.

[1] Most of the argument cannot be now considered for the very good reason that it was held in that former case, 136 Wash. 311, that such attorney's fees could not be allowed plaintiff in that action upon his recovery against the other stockholders of the corporation, in which case appellant was the attorney who conducted the litigation for that plaintiff, and must be considered in privity with that plaintiff. In that action, appellant claimed and procured the allowance by the trial court of an attorney's fee of $1,500, in favor of his client, which if paid, would undoubtedly have belonged wholly to appellant. No other possibility can be entertained. Appellant therefore had an interest in the subject matter of that action on behalf of his client and is bound by the judgment therein.

"Plaintiff's attorney of record, claiming an interest in the subject matter of the action, but prosecuting the case in behalf of his client, is bound by the judgment." 34 C. J. 1006, § 1426.

"A judgment is conclusive and binding, not only upon the parties to the action in which it was rendered, but also upon persons who are in privity with them in respect to the subject matter of the litigation, and this rule is applicable both to actions at law and suits in equity." 34 C. J. 1009, § 1431.

[2, 3] Although appellant contends that the matter of attorney's fees was not properly within the issues of that case and could not be decided therein; that such issue was not raised by the pleadings and no proof or evidence was taken as to the amount of services rendered or the reasonable value thereof, so that the judg-

ment in that action could not be a bar to recovery herein; we must presume that the attorney's fee allowed by the trial court in the former case was allowed either upon evidence within the issues in the case, or upon submission by counsel of the reasonableness of any attorney's fees to the court, as is the common practice, and that appellant cannot now be heard to say to the contrary. In that former action, appellant's client was awarded a recovery of about $17,000 in money and some other relief, upon which money recovery the trial court allowed the attorney's fee of $1,500.

This court on appeal said:

"Objection is made also to the allowance of attorney's fees in the sum of $1,500 to appellant Tefft. It was the theory of appellant that, having been partially successful in the suit, and having obtained a refund to the corporation of a fund from which all stockholders should share, reimbursement should be made to him. The basis upon which this rule rests is that, where there are a large number of stockholders upon whose behalf and for whose benefit the suit is waged, the one who accepts the burden and thereby brings to the treasury a fund for the rest, shall not bear the expense alone. But we think the facts in the present case hardly bring it within the rule. There are but two other stockholders, both of them protesting against this suit and ratifying and approving all the previous acts of the trustees. This suit brings no fund to them for their benefit, nor can it be said that either of them is benefited by the outcome of the action. The suit being brought by Tefft for his own benefit, the only costs properly chargeable are statutory. *Boothe v. Summit Coal Mining Co.*, 72 Wash. 679, 131 Pac. 252."

While appellant argues that the decision in that case was erroneous and based upon a case which was different in its facts that decision, right or wrong, nevertheless made the law of this case. We there distinctly held that, where there were but two other stockholders, both of whom were protesting against the suit and

ratifying and approving all of the previous acts of the trustees, the suit would bring no fund to them for their benefit, and neither of them could be said to be benefited by the outcome; that the suit was brought by Tefft; was for his own benefit and the only costs properly chargeable would be statutory.

While it is insisted that the *Boothe* case cited therein was different in its facts, it does not so appear. That was a case which, as reported on the first appeal, 55 Wash. 167, 104 Pac. 207, brought by one stockholder against the corporation and another stockholder for alleged illegal diversion of the funds of the corporation by way of improper increases of salaries. On the last appeal, 72 Wash. 679, 131 Pac. 252, it was plainly held that plaintiff was not entitled to recover a reasonable attorney's fee, although he owned one half the stock, in a contest with the owner of the other half and no one but plaintiff was benefited by the result of that suit.

In that case the opinion cited and quoted *Trustees v. Greenough*, 105 U. S. 527, concerning the power of the court to allow compensation by way of attorney's fees and costs out of a trust fund. Appellant also relies upon the cited case. It has been used to sustain such recoveries and also to deny them upon facts such as existed in the *Boothe* case, and in this case. For example, in *McCourt v. Singers-Bigger*, 145 Fed. 103, a part of the decision in the *Greenough* case, *supra*, was quoted and relied upon where it was said:

" 'Where one of many parties having a common interest in a trust fund at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reim-. bursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts. . . .' "

Upon that basis such attorney's fee against the corporation was allowed in the case cited in 145 Fed. 103, and so also, in the *Boothe* case in this court, it was approved as a principle that where *one of several parties similarly situated* prosecuted such a suit to a favorable determination and the benefit goes to the corporation, he will be entitled to recover a reasonable attorney's fee as a part of his necessary disbursements. But it was also said that

"Such allowances are rarely, if ever, made unless it is made to appear that some advantage obtained for the corporation as distinguished from the interest of the individual stockholder."

Hence, in the appeal in the *Tefft* case, *supra,* it was held that Tefft should not recover attorney's fees against the corporation upon the facts there existing. We are satisfied that the decision in the *Tefft* case, *supra,* was correct upon the facts involved, but that at any rate it had established the law, and is *stare decisis* of the case of appellant here.

[4] The contention of appellant that the judgment in that case cannot be a bar because it was reversed is untenable. That judgment was not reversed. Judgment was entered in the court below after the decision on appeal in accordance with the decision, became final and has never been reversed. It was as binding as to appellant as it was as to his client, the plaintiff in that case.

Although appellant certainly earned a substantial attorney's fee from someone, under our decisions it was not the corporation. Further discussion is useless.

We find nothing justifying a reversal of the judgment, and it is accordingly affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and ASKREN, JJ., concur.