[No. 3331. Decided January 2, 1900.]

# FLAVIUS S. COLE, *Respondent*, v. ERNEST W. PRICE *et al.,* *Appellants.*

APPEAL FROM INTERLOCUTORY ORDER—NOTICE.

An appeal from an order other than a final order will be dis-
missed, where notice of appeal was not given in open court at
the time the order was made, nor written notice served and filed
within fifteen days after notice of entry of the order.

RECEIVER—APPOINTMENT WITHOUT NOTICE.

The appointment of a temporary receiver without notice is
proper, if the order is made returnable in a reasonable time, in
cases of pressing emergency, where it is made to appear that im-
mediate interference is necessary to prevent property from being
wasted, destroyed, or lost, or where the giving of notice will im-
peril the delivery of the property over which the receiver is
sought.

SAME — DISSOLUTION   OF   PARTNERSHIP — APPOINTMENT   PENDING
ACTION.

In an action between partners, where fraudulent conduct is
alleged, and where a partner has been wrongfully excluded from
participating in the management of the firm's business, and
where, from the nature of the partnership agreement, it is appar-
ent that a dissolution must ultimately be decreed, a court is
warranted in appointing a receiver during the pendency of the
action, although the complaint contains no allegation of the
insolvency of the defendant.

SAME—WHEN PROPERTY OF CORPORATION INCLUDED.

In an action between partners for a dissolution of partner-
ship, an accounting and the appointment of a receiver pending
action, the court is warranted in authorizing the receiver to take
into custody the property of a corporation, when it appears from
the undenied allegations of the complaint, that the corporation
was organized merely for the convenience, and as the agent of,
the partnership, and that all its capital stock, assets and
property belong to the partnership.

FINDINGS BY COURT—EXCEPTIONS.

Where, after a full hearing upon the merits, findings were
specifically made sufficient to justify the appointment of a re-

ceiver, the action of the lower court will be upheld, in the absence of exceptions to such findings.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.    Affirmed.

*Wilmon Tucker* and *E. F. Blaine,* for appellants.

*Preston, Carr & Gilman,* and *Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The complaint in this action alleges that in May, 1893, the plaintiff and defendant E. W. Price formed a partnership for the purpose of carrying on a general brokerage and investment business, buying and selling bonds, warrants, stocks, and other securities, and dealing in real and personal property; that they were to share equally the profits and losses; that respondent was to contribute the sum of $96,000, and the defendant E. W. Price $15,000, and no definite time was fixed upon for the continuance of the partnership; that the plaintiff has contributed towards the capital of said partnership sums in excess of $96,000, and that Price has not in fact contributed the full sum of $15,000, which by the terms of the partnership agreement he was to contribute; that since the formation of the partnership Price has had almost exclusive control, management, and direction of the property and affairs thereof, and has in his possession the books of account, correspondence, and the property and assets of said partnership, except two stock certificates; that, of the investments made with the funds of the partnership in loans, stocks, notes, security, and real and personal property, large amounts have been made in the sole name of Price; that the Lumbermen's Logging Company, a corporation, one of the defendants, was organized by the partners for the purpose of holding title to certain timber lands

belonging to the partnership; that the partnership is, and always has been, the owner of all the stock of said corporation, which was formed for convenience, merely, and all the assets and property thereof belong to said partnership; that the corporation holds the title to certain timber lands in the state, particularly described in the complaint; that, contrary to the partnership agreement, Price has purchased and taken title to real and personal property in his own name without consultation with or consent of plaintiff, and has pledged large sums of money on the credit of the partnership, and secured said sums with securities belonging thereto, all of which was done without authority, and contrary to the partnership agreement; that the defendant Maggie B. Price is the wife of the defendant E. W. Price, and that without plaintiff's knowledge or consent, and contrary to the partnership agreement, Price has pledged the securities and collaterals belonging to the said partnership to secure the individual notes of his wife, amounting to $6,200, which sum remains unpaid, and has also pledged said partnership collaterals to secure his individual indebtedness, amounting to $2,000; that Price's purpose in taking the title of the partnership assets in his own name, contrary to the partnership agreement, was to mislead and deceive plaintiff, and that he has treated such property as his individual property; that in September, 1898, he stated to plaintiff that everything belonging to the partnership had been lost, but refused to give plaintiff any information regarding the situation or condition of the assets or liabilities of said partnership; and notwithstanding that the losses of said partnership business have exceeded any profits thereof, and that Price was not entitled to draw any sums upon his individual account, nevertheless he has continued to draw out and spend large sums of money from the property and assets of the partnership, far exceeding the amount contributed by him thereto.    Various other

matters of similar character are set forth in the complaint; also, upon information and belief, it is alleged, that the liabilities of the partnership are sufficient, if properly husbanded and managed, to pay all the indebtedness of the partnership, and that plaintiff desires a dissolution of the partnership and an accounting, and the appointment of a receiver with the usual powers. The complaint then proceeds to set forth reasons for the appointment of a receiver provisionally. The complaint, together with the affidavit of the plaintiff in support thereof, was filed on the 15th of February, 1899. On that day an order was made appointing a receiver, fixing his bond at $10,000, and citing the defendants to appear on the 24th day of February, 1899, and show cause why a receiver should not be appointed pending the action. The order contained this express provision:

"This appointment of said receiver is temporary merely, and shall remain in force until the said hearing be had on plaintiff's application for a receiver pending this action and until the further order of the court."

The order also recites that, if the receiver is not appointed immediately, plaintiff is liable to suffer great loss and damage, and finds that an emergency exists, requiring the appointment without notice in order to secure justice to the parties. On the return day (but upon whose application, the record does not show) the hearing was continued until the 3d day of March, 1899. On that day the court denied defendants' motion to vacate its previous order, and, after hearing and considering numerous affidavits for and against the appointment of a receiver, a receiver was appointed to take possession of the property of the partnership, including the property of the Lumbermen's Logging Company, during the pendency of the action. This last order was based upon certain specific findings of fact set forth at length in the order of appointment, — among

others, that plaintiff and defendant E. W. Price are in-
solvent and that the firm is insolvent, and that the prop-
erty standing in the name of the Lumbermen's Logging
Company is the property of the partnership, and that said
corporation is a mere name and agent thereof; "that the
charges made by the respective members of said firm of
Cole and Price against each other are of such a nature that
the due administration of justice and the proper manage-
ment of the affairs of said firm require the appointment of
a receiver; . . and . . that all the property standing
in the name of said defendant E. W. Price is the property
of said firm." To the making and entering of this order
the defendants save a general exception. By their appeal
defendants seek to review—First, the order of the superior
court appointing the receiver provisionally and without
notice; second, the order denying defendants' motion to
vacate the order of appointment; third, the order of March
3, 1899, appointing a receiver after hearing had. The
notice of appeal was given in open court on March 3, 1899,
and was a joint notice; no written notice of appeal has ever
been given. Respondent has moved to dismiss the appeal
from the order of February 15th appointing an emergency
receiver upon the ground that the notice of appeal was not
given or made until sixteen days after the order sought to
be reviewed was entered, and upon the further ground that
the notice, not having been given in open court at the time
the order sought to be reviewed was made, should have
been in writing and served and filed as required under
§ 4 of the Session Laws of 1893, p. 121. The record
before us shows that the emergency order was entered and
served upon the defendants E. W. Price and Maggie B.
Price on the 15th day of February, 1899. It does not,
however, show when, if ever, the service was made upon
the Lumbermen's Logging Company. As to the Prices
the motion is well taken upon both grounds stated. Ses-

sion Laws 1899, ch. 49, p. 79, cited by the appellants in opposition to the motion, was not in effect at the time of the attempted taking of this appeal. But this disposition of the motion becomes quite unimportant, as we are forced to a consideration of the merits in determining the appeal of the logging company. The first question for consideration, therefore, is, did the court err in making the appointment of the emergency receiver without notice? In support of their contention appellants cite the case of *Larsen v. Winder,* 14 Wash. 112 (44 Pac. 125, 53 Am. St. Rep. 864). But that case rested upon, and was controlled by, allegations differing widely from those contained in the complaint in the present case, and in the affidavit which accompanied it. In that case we stated in the opinion that there were no allegations tending to show any necessity for the appointment of a receiver without notice. The allegations were general, and, while it is true that we condemned the practice of appointing receivers without notice, we also stated that we were not required "to go so far as to hold that, where it is made to appear by the circumstances in a given case that an imperative necessity exists for the appointment of a temporary receiver, the court might not afford relief pending a hearing upon proper notice." A grave exigency should exist, to warrant a court's resorting to this extraordinary remedy; and we would be extremely reluctant to give sanction to a rule which would permit the summary taking of property from the possession of a defendant, and putting it in the custody of another, without notice and an opportunity for hearing. Notice is the rule, and should always be required, excepting in cases of pressing emergency, where it is made to appear that immediate interference is necessary to prevent property from being wasted, destroyed, or lost, or where the giving of notice will imperil the delivery of the property over which the receiver is sought; and in such cases the order should be

made returnable within a reasonable time. High, Receivers, (3d ed.), §§ 111, 113; Beach, Receivers, (Alderson's ed.), p. 879; *Elwood v. First Nat. Bk.,* 41 Kan. 475 (21 Pac. 673); *State ex rel. Boston, etc., Mining Co. v. District Court,* 22 Mont. 241 (56 Pac. 281); *Grandin .v. La Bar,* 2 N. Dak. 206 (50 N. W. 151); *Sims v. Adams,* 78 Ala. 395; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370; *French v. Gifford,* 30 Iowa, 148. The present case falls within the exception.

Did the court err in its order of March 3d appointing a receiver? This order was made after full hearing, but no statement of facts has been settled, and the affidavits used at the hearing are not before this court. For a reversal of the order, appellants rely upon the alleged insufficiency of the complaint to justify the appointment of a receiver. The principal ground of attack is that the complaint fails to allege the insolvency of the defendant, and much reliance is had upon the case of *Wales v. Dennis,* 9 Wash. 309 (37 Pac. 450), to support this contention. There is an essential difference in the cases. In the present case there is no answer or denial of the allegations of the complaint, while in the case referred to there was an answer which denied all the equities of plaintiff's bill, and in addition to that the plaintiff in that case had been enjoined from conducting the partnership business. The conclusion reached by the court was right, and might have been safely rested upon the grounds noticed. But in the course of the opinion stress seems to have been put upon the failure of the complaint to allege the insolvency of the defendant, and, in so far as such failure was deemed fatal to the complaint, that case is without authority to support it, and it must be overruled. In an action between partners, where fraudulent conduct is alleged, and where a partner has been wrongfully excluded from participating in the management of the firm's business, and

the like, and where, from the nature of the partnership agreement, it is apparent that a dissolution must ultimately be decreed, a court of equity will unhesitatingly appoint a receiver. High, Receivers, (3d ed.), § 522 et seq.; Beach, Receivers, § 91; 2 Lindley, Partnership, (2d ed.), pp. 1198-1200; *Randall v. Morrell,* 17 N. J. Eq. 343; *McElvey v. Lewis,* 76 N. Y. 373; *Maynard v. Railey,* 2 Nev. 313; *Sloan v. Moore,* 37 Pa. St. 217; *Einstein v. Schnebly,* 89 Fed. 540.

There is another reason why appellants' contention in this respect could not prevail, and that is that error must be made to appear affirmatively before a reversal will be ordered, and, in the absence of a statement of facts, we are bound to consider "all amendments which could have been made as made." Session Laws 1893, p. 135, § 36. And still another reason for affirming this order is that it was made after a full hearing upon the merits, and findings were specifically made to which no sufficient exception was taken. These findings are presumed to have been correctly made, and are sufficient to justify the appointment. *Carstens v. Leidigh & H. Lumber Co.,* 18 Wash. 450 (51 Pac. 1051, 63 Am. St. Rep. 906, 39 L. R. A. 548); *Hannegan v. Roth,* 12 Wash. 65 (40 Pac. 636); *Rice v. Stevens,* 9 Wash. 298 (37 Pac. 440). Recitals in a judgment are *prima facie* evidence of the facts stated in them. Hayne, New Trial & Appeal, § 231. The general presumption applicable to courts of general jurisdiction is, that proof without which judgment could not have been given was duly made at the hearing.

Another contention is that it was error for the court to include the property of the Lumbermen's Logging Company, a corporation. From the allegations of the complaint, which come before us unchallenged and undenied, it appears that the corporation is a mere organization for convenience, and all of its capital stock and the assets and

property thereof belong to the partnership; moreover, the court has found the fact to be that the corporation is a mere name and agent of the partnership.

Upon the record before us, the orders appealed from must be, and they are, affirmed.

DUNBAR, REAVIS and FULLERTON, JJ., concur.