[No. 4522.  Decided February 25, 1903.]

C. L. HAGGARD, *Respondent,* v. JOHN SANGLIN, *Appellant.*

TEMPORARY RECEIVER — APPLICATION FOR APPOINTMENT — SERVICE OF NOTICE.

Under Bal. Code, § 4886, which provides that one who has appeared in an action is entitled to notice of all subsequent proceedings, which notice, under *Id.*, § 4886a, shall be at least three days' notice, in the case of motions and applications, four days' notice of the filing of an amended complaint and of a motion for the appointment of a temporary receiver thereunder was sufficient, when served upon the attorney for defendant who had appeared generally in the action and demurred to the original complaint.

Appeal from Superior Court, King County—Hon. BOYD J. TALLMAN, Judge.  Affirmed.

*H. E. Foster,* for appellant.

*Leopold M. Stern,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an action to foreclose a chattel mortgage.  A general demurrer to the complaint was interposed by the defendant in the action.  Afterwards, by leave of court, an amended complaint was filed, which was served upon the counsel for the defendant, who had appeared by demurrer to the original complaint.  Service of a copy of the amended complaint was duly acknowl-

edged September 11, 1902. On the same day a motion for the appointment of a temporary receiver to take charge of the mortgaged property pending the suit was, by the plaintiff, served upon the said counsel for defendant, and at the same time a notice was likewise served, calling for the hearing of the motion on September 15, 1902. At the time fixed in the notice for hearing the defendant, by written motion, which he denominated a "special appearance," moved to strike from the files the motion of the plaintiff for the appointment of a temporary receiver for the sole alleged reason that no notice of the hearing of said application had been given or served as required by law. The motion of defendant was denied. Thereupon the court considered the amended complaint and affidavits in support of the motion for a temporary receiver, and such a receiver was appointed. The defendant has appealed.

The error assigned is that the court denied appellant's motion to strike from the files respondent's motion for the appointment of a temporary receiver. The only ground stated in the motion was that sufficient notice had not been given. The motion of respondent called for the appointment of a temporary receiver only. It was held in *Cole v. Price,* 22 Wash. 18 (60 Pac. 153), that a temporary receiver may be appointed without notice, when sufficient emergency is made to appear, but within reasonable time thereafter a hearing must be had as to whether the receivership shall be made permanent or not. Under the authority of the above case the court had power to appoint a temporary receiver in this case without notice, unless appellant's previous appearance entitled him to notice. The order of appointment that was entered does not, in terms, specify that the appointment is a temporary one; but since respondent's motion called for nothing more than a temporary appointment, such must have

been the only effect of the order, if appellant had insisted upon the further hearing. No hearing upon the merits was sought by appellant. No objection was made to the sufficiency of the complaint or affidavits. He relied solely upon the alleged ground that he had not legal notice. This contention is, we think, without merit, under the facts of this case, even if appellant was entitled to notice. Under § 4886, Bal. Code, one who has appeared in the action "is entitled to notice of all subsequent proceedings," and we may assume for the purposes of this case, but we do not decide, that even the emergency calling for a temporary receiver cannot be urged without notice to one who has appeared in the action. Appellant had already fully appeared in the action by his demurrer to the original complaint. There is no statute requiring a new service of process upon the filing of a mere amended complaint. Service of a copy of the amended pleading is therefore sufficient, and the party is still in court under the former process and appearance. In this case the amended complaint and the motion together constituted an application for the appointment of a temporary receiver. These were served upon the attorney who had theretofore appeared generally for appellant in the same cause. Under § 4886a, Bal. Code, a party who has appeared is entitled to at least three days' notice of motions and applications. The notice in this case was actually four days, to-wit, from September 11th to the 15th. The notice may be served upon the party "or his attorney." The fact that the notice was served upon the attorney who had appeared for appellant in the action was, therefore, sufficient under the statute. Under any view of the case, appellant's contention cannot prevail. If he had not already appeared in the action, then, as we have seen, he was not entitled, as a matter of right, to notice of this particular applica-

tion. If the fact that he had already appeared in the cause entitled him to notice of even an emergency application, then he received such notice as is required by statute.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR and MOUNT, JJ., concur.