[No. 5475. Decided February 25, 1905.]

M. A. REDDING, *Respondent,* v. JOHN ANDERSON, *Appellant.*[1]

PARTNERSHIP—RECEIVERS—APPOINTMENT. In an action between partners, it is proper to appoint a receiver to take charge of the concern pending the suit, where the preponderance of the evidence establishes the existence of the partnership, which is denied by the defendant, who wrongfully excludes the plaintiff from participating in the management of the firm business, and it is apparent that a dissolution must ultimately be decreed.

Appeal from an order of the superior court for King county, Bell, J., entered August 12, 1904, appointing a temporary receiver, after a hearing upon affidavits, in an action to wind up a partnership. Affirmed.

*A. A. Anderson* and *Tucker & Hyland,* for appellant.

*Allen, Allen & Stratton,* for respondent.

RUDKIN, J.—This was an action for the dissolution of a partnership, and for the appointment of a receiver to wind up its affairs. The complaint alleges, in substance, that the plaintiff and the defendant entered into a copartnership, on or about the 14th day of November, 1903, for the purpose of operating and conducting a sawmill and lumber business, in King county, Washington, under the firm name and style of "The North Star Lumber Company," sometimes called "Anderson & Redding;" that the parties have been engaged in the conduct and management of such business up to the time of the commencement of this action; that notwithstanding said partnership agreement, the defendant refuses to permit the plaintiff to have any voice in the management of the affairs of the partnership, refuses him access to the books and accounts of

[1] Reported in 79 Pac. 628.

the firm, and refuses to render any account of the partnership affairs or business; that the disagreement of the parties, and the conduct of the defendant, are such that the partnership business can no longer be continued; that the firm property consists of a sawmill and book accounts of the value of $6,000, and the firm indebtedness is from $500 to $1,000; that the defendant is insolvent, and has no property subject to execution other than his interest in the partnership property, and that unless a receiver is appointed the firm property will be dissipated and lost to the plaintiff, etc. The answer is, in substance, a general denial.

Upon the filing of the complaint, an order was made directing the defendant to appear and show cause why a receiver should not be appointed to take charge of the firm property pending the action, and until the further order of the court. A hearing was had upon affidavits, and the court granted the prayer of the complaint, and appointed a receiver. From this order the defendant appeals to this court.

Two questions are discussed in the briefs of counsel: first, is the testimony sufficient to establish the existence of the partnership? and, second, should a receiver be appointed?

(1) A great many affidavits were presented at the hearing, mostly by the respondent. It would serve no useful purpose to set forth these affidavits, either at length or in substance. We deem it sufficient to say that the existence of the partnership as alleged in the complaint was established by a great preponderance of the testimony.

(2) There is as little room for doubt on the second point. The appellant denies the existence of the partnership, has assumed the entire management and control of the partnership business, and has wrongfully excluded the respondent from all participation therein.

"In an action between partners, where fraudulent con-

duct is alleged, and where a partner has been wrongfully excluded from participating in the management of the firm's business, and the like, and where, from the nature of the partnership agreement, it is apparent that a dissolution must ultimately be decreed, a court of equity will unhesitatingly appoint a receiver." *Cole v. Price*, 22 Wash. 18, 60 Pac. 153, and cases cited.

"In actions for the dissolution of partnerships, and the winding up of their affairs, the fact that one partner has excluded the other from participation in the profits of the business, or from his share in its management and control, has always been regarded as one of the strongest grounds for equitable relief by the appointment of a receiver." High, Receivers (3d ed.), § 522, *et seq.*

There is no error in the record, and the order is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, and HADLEY, JJ., concur.

ROOT and CROW, JJ., took no part.