[No. 12226.   Department One.   April 5, 1915.]

H. N. MARTIN, *Respondent*, v. W. A. WILSON, *Appellant*.[1]

PARTNERSHIP—DISSOLUTION—RECEIVERSHIP.   In an action for an accounting between law partners, the appointment of a temporary receiver is warranted, where it appears that the parties are so hostile that there can be no reconciliation, one of the firm, by his control of the books, excludes the other from participation in their affairs, accounts are due the firm, and there are debts to be paid, and property to be cared for.

PARTNERSHIP—DISSOLUTION—APPLICATION FOR RECEIVERSHIP—DESCRIPTION OF PROPERTY.   A complaint asking for the appointment of a receiver for a partnership and describing the property involved as notes, accounts, personal property and lands, will not be held an insufficient description, where the extent and condition of the property depends upon the books and accounts of the partnership, which are in the hands of the partner objecting to a receivership, and which must be presumed as showing the affairs and property of the partnership.

RECEIVERS—APPOINTMENT—CONSTRUCTION OF ORDER.   An order appointing a receiver for a law partnership, does not authorize the receiver to take charge of the business of the firm pending in the courts, where it merely directs the receiver to collect outstanding accounts, notes and obligations of every kind due the firm, with power to assemble and bring suit for obligations due, followed by a general direction "to take charge of any and all business of every kind and nature belonging to said firm."

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered May 2, 1914, appointing a receiver for partnership property, after a hearing before the court.   Affirmed.

*W. A. Wilson*, in propria persona.

*H. N. Martin*, in propria persona.

CHADWICK, J.—The parties to this action have for several years been partners in the practice of the law at Davenport, Washington.

[1]Reported in 147 Pac. 404.

The complaint alleges, and the affidavits filed by the respective parties show, that in that time they have done a business of considerable volume; that the books have been kept by, and are now in the possession of, the appellant; that there are notes and accounts due the firm, and that there are debts to be paid. It is also alleged that the parties own certain lands. The record is not clear that this is so, but we will assume it to be so because the trial judge directed the receiver when appointed to take charge of lands as well as other property.

Several questions of practice have been raised by the appellant, but it is our opinion that they become immaterial in the light of the main question, that is, whether there was a sufficient showing made to warrant the court in appointing a receiver.

It might have been held that a temporary receiver should not have been appointed without notice if that were the only question before us, but the record shows that the parties have appeared and submitted the whole matter to the court, and, upon the testimony, the court entered the order now complained of. Affidavits signed by each of the parties clearly indicate that the parties are so hostile to each other that it is not likely that there will be any reconciliation between them, or that the affairs of the partnership can be settled in a harmonious way. We think it is also clear that the books and a knowledge of their contents and the business of the firm is within the knowledge and keeping of the appellant, and that in a sense respondent is excluded from a participation in the affairs of the concern, such exclusion resting upon a lack of understanding of the state of the accounts and business of the firm. Furthermore, an accounting is prayed for.

The rule is well established that where a partnership has been dissolved, or a suit for dissolution and an accounting is pending and there is a serious lack of understanding and harmony between partners, and one partner is excluded from

any voice in the management and control of the affairs of the partnership, a receiver will be appointed. *Cole v. Price*, 22 Wash. 18, 60 Pac. 153; *Redding v. Anderson*, 37 Wash. 209, 79 Pac. 628; 30 Cyc. 726 *et seq.* The rule may be epitomized: if the parties to a partnership will not trust each other, equity will not trust either of them to settle an affair in which each of them, but for their differences, would be entitled to share in equal degree.

We think the case fairly falls within the principle laid down by this court in the case of *Boothe v. Summit Coal Min. Co.*, 55 Wash. 167, 104 Pac. 207, where a like situation, in so far as the relation of the parties is concerned, was before the court. It was held that, notwithstanding the rule that courts would hesitate to appoint a receiver in aid of minority stockholders of a corporation, where the two who were contending were the sole and equal owners of the stock of the corporation, they would be treated as partners. In that case we said:

"Would a court of equity in the furtherance of justice and in the exercise of its sound discretion be justified in directing the appointment of a receiver over the respondent corporation, or should the appellant be turned out of court without other relief than a temporary accounting, with the certainty that, while present conditions continue, he will be compelled to return and incur the expense of repeatedly seeking the aid of the chancellor to secure further accountings and protection of his rights as a stockholder? Although the appellant and R. J. Linden each own one-half of the capital stock, the latter is in exclusive possession. He arbitrarily conducts the corporation business, makes book entries, declares or refuses dividends, raises his own salary, retains his subservient trustees in office, and through them performs such corporate acts as he chooses. He and Boothe are not partners, yet their relative position, created by their contract of sale, is kindred to that of partners. Linden has thereby obtained absolute control of $25,000 in value of the appellant's estate, which he is arbitrarily handling without consulting the appellant or granting him the least consideration. Such a condition is an intolerable one for the appel-

lant, and one that would not be permitted in a partnership. Were their positions. changed, Linden would doubtless demand a receiver with as much energy as he now opposes one. If they were partners, a receiver would unquestionably be granted. No rights of creditors, other stockholders, or third parties are here involved. The only real parties in interest are Boothe and Robert J. Linden. As above stated, their position is kindred to that of partners. Present conditions will undoubtedly continue unless a court of equity affords relief. Should they continue? We think not."

While all of the circumstances which we found to exist in that case do not exist in this one, we do find enough in the disharmony of the parties and the right to an accounting to bring this case within the rule there announced. This disharmony and the need of an accounting is as clearly shown by the affidavit of the appellant as it is by that of the respondent. *Whipple v. Lee*, 46 Wash. 266, 89 Pac. 712. See, also, *Bergman Clay Mfg. Co. v. Bergman*, 73 Wash. 144, 131 Pac. 485. In the *Whipple* case, a receiver was appointed to take over a partnership pending a settlement of its affairs.

Appellant contends that the property of the partnership is not sufficiently described in the complaint. It is his contention that unless the complaint and order of the court, the one or the other, or both, so described the property that the receiver can take possession thereof without further inquiry, the order will not be sustained.

The rule is well established that the property should be described with reasonable certainty. 34 Cyc. 113. But it will not be held that, where the extent and condition of the property depends upon the books and accounts of the partnership and which we must assume will show its affairs and the property owned by it, the property is not described with reasonable certainty, although referred to in a general way as notes, accounts, personal property and lands.

It is finally contended that the court appointed a receiver to take charge of the cases now pending in the superior .

court of Lincoln county in which the parties to this action
have been employed as attorneys.  It is true that, in the af-
fidavit filed by the respondent, he says that it is necessary
that a receiver be appointed to take charge of the business of
the firm now pending in the courts, but the order appointing
a receiver does not go that far.  The receiver is directed to
take charge of the property of the parties pending an ac-
counting which must necessarily follow.  It is true that the
order directs that the receiver shall take charge of all bus-
iness of the firm, but this follows directly after a direction to
"collect any and all outstanding accounts, notes and obliga-
tions of every kind and nature due said firm, and to report
the same to this court, especially giving him power and au-
thority to assemble said property and to bring suit for the
collection of any obligations due said firm," thus, "and in
short to take charge of any and all business of every kind
and nature belonging to said firm, etc."  When read to-
gether, we think it is sufficiently clear that the court had no
intention, as he probably had no power, to appoint a re-
ceiver to attend to the practice of the parties in the courts
of this state.

The judgment of the lower court is affirmed.

MORRIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., con-
cur.