[No. 15773. Department Two.    August 11, 1920.]

S. G. DULEY, *Appellant,* v. M. W. DULEY, *Respondent.*[1]

PARTNERSHIP (92)—RECEIVERS—GROUNDS FOR APPOINTMENT.  The court will appoint a receiver for partnership property where an action for dissolution has been commenced, and the evidence shows a lack of harmony between the parties and that plaintiff, who had possession of the property, had converted portions thereof to his own use and was disposed to dissipate the property, and had advised creditors to bring actions to enforce collection of their claims.

Appeal from an order of the superior court for Okanogan county, Neal, J., entered July 26, 1919, appointing a receiver for a partnership, after a hearing before the court. Affirmed.

*Wm. O'Connor,* for appellant.

*P. D. Smith* and *W. C. Brown,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court appointing a receiver over partnership property. The parties are brothers. The plaintiff brought an action against the defendant, alleging a

[1]Reported in 191 Pac. 828.

partnership in certain farm property in Okanogan county; that defendant had sold and converted certain of the partnership property to his own use and refused to account therefor, and prayed for the dissolution of the partnership and an accounting. The defendant, for answer, alleged a copartnership different from that alleged in the complaint, and also alleged that the plaintiff had converted partnership funds to his own use and refused to account therefor, and also that there were debts past due and creditors were threatening suit, and prayed for dissolution and an accounting and for a receiver to take charge of the property. After the answer was filed, a show cause order was issued, directed to the plaintiff to show cause at a certain time why a receiver should not be appointed. Upon a hearing upon this show cause order, the court appointed a receiver. The plaintiff has appealed from that order.

At the hearing upon this show cause order, it appeared that the parties could not do business with each other. Each accused the other of converting the partnership property to his own use. It also appeared that there were secured debts amounting to some $10,800, and unsecured debts amounting to $700 or $800, all past due, and that the appellant had advised the creditors that they would have to sue in order to collect their claims; that appellant had collected $1,100 after the action was brought, and converted the same to his own use for the purpose of prosecuting this action; that all the property, which was in possession of the appellant, is liable to be lost if creditors should bring suit to collect their claims.

In *Martin v. Wilson,* 84 Wash. 625, 147 Pac. 404, we said:

"The rule is well established that where a partnership has been dissolved, or a suit for dissolution and

an accounting is pending and there is a serious lack
of understanding and harmony between partners, and
one partner is excluded from any voice in the manage-
ment and control of the affairs of the partnership, a
receiver will be appointed. *Cole v. Price,* 22 Wash. 18,
60 Pac. 153; *Redding v. Anderson,* 37 Wash. 209, 79
Pac. 628; 30 Cyc. 726 *et seq.* The rule may be epito-
mized: if the parties to a partnership will not trust
each other, equity will not trust either of them to settle
an affair in which each of them, but for their differ-
ences, would be entitled to share in equal degree.''

Here there is not only shown a serious lack of har-
mony between the parties and control of the property
in the appellant, but also a disposition on the part of
the appellant to dissipate the property and advise
creditors to bring actions to enforce collections of their
claims. We are satisfied that the trial court was justi-
fied in appointing a receiver under the facts stated.

The order appealed from is therefore affirmed.

HOLCOMB, C. J., BRIDGES, TOLMAN, and FULLERTON,
JJ., concur.