[No. 18064. Department One. December 13, 1923.]

MIKE CREEGAN, *Appellant*, v. ROBERT EILENBERG *et al.*,
*Respondents.*[1]

PARTNERSHIP (1)—CREATION—COMMUNITY OF INTERESTS—JOINT ADVENTURE—CREATING CORPORATION. A contract between four automobile stage owners created either a partnership or a joint venture, where its purpose was to effect the joint operation by the four of their individual businesses, and whereby a holding corporation was organized which was in fact a mere shell, and whose duties were to be exercised by the stockholders as individuals.

SAME (87)—DISSOLUTION—ACTIONS—COMPLAINT—SCOPE OF REMEDY. Where a contract created either a partnership or joint venture, although a corporation was created which in fact never functioned, a complaint seeking a dissolution of the arrangement and an accounting is not demurrable for the reason that the existence of the corporation cannot be attacked in such an action, since it asks the dissolution of the partnership, and affairs of the corporation are to be incidentally adjusted.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 25, 1923, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Reversed.

*Agnes N. Richmond,* for appellant.
*Paul W. Houser* and *John T. Hunt,* for respondents.

[1]Reported in 221 Pac. 304.

MACKINTOSH, J.—The amended complaint in this action, filed in April, 1923, alleges that the appellant was one of four automobile stage owners who, in March, 1922, entered into an agreement which was to be in effect until January 1, 1923, whereby a corporation of which the four were the only stockholders was to receive the title to their stages and the assignments of the certificates of public convenience and necessity, for the purpose of uniting the separate businesses of each of the four parties. Four contracts were entered into between the corporation and each of the stockholders in identical terms, the one with the appellant being made a part of his complaint, and by that it appears that the corporation was to reconvey to each of the parties his stage under a conditional bill of sale, the purchase price to be paid for a re-transfer to the corporation of the stock which had been issued to them as consideration for the purchase from them by the corporation originally of the stages, the contract stating that "it is entered into for the purpose of effecting an arrangement whereby the operation of the auto stage line of said corporation may be carried on individually by said stockholders instead of same being operated by the first party in its corporate capacity." The contract further provided that the corporation should fix a time schedule and collect certain penalties for failure to observe the same, and that each of the stockholders was to pay into the corporation treasury one-fourth part of the current expenses, the amount to be determined by the stockholders, and that all rules promulgated by the stockholders at stockholders' meetings should be strictly complied with, and a great many other provisions of a similar nature.

The complaint further alleges that, after the execution of the contract, the four parties continued to run

the businesses which they had assumed to transfer to the corporation, in the same manner as before, and each "paid his own expenses, retained his own profits exactly as before, and said corporation has at no time operated said business or said auto stages . . . that said corporation has not exercised, and does not exercise, any corporate function . . . that the business of said parties so interested is not and cannot be conducted profitably, and plaintiff is desirous of terminating the same," and that after January 1, 1923, the arrangement was extended indefinitely. The complaint concludes with a prayer, first, that the corporation be dissolved; second, that the joint adventure between the parties be dissolved; third, that an accounting be had; fourth, that the property belonging to the joint adventurers be sold and that debts be paid; and, fifth, that a receiver be appointed to preserve and conduct the business. To this complaint a demurrer was sustained, which brought the matter here on appeal.

The argument that the complaint states no cause of action is largely based upon the assertion that the rightfulness of the existence of the corporation can only be questioned by the state in *quo warranto* proceedings and cannot be attacked collaterally or in litigation between individuals. Conceding the force of this contention, it does not however justify the sustaining of the demurrer. The contract, which is very long and complicated, and which we have only briefly summarized in our statement of the facts, shows that the organization of the corporation and the contracts between the four stockholders with it were only incidental to the real purpose of the undertaking, which was, as alleged in the contract, to be the joint operation by the four of their individual businesses. The cor-

poration, as a matter of fact, was a mere shell which was not, under the arrangement, to exercise ordinary corporate powers and whose corporate duties were to be exercised by the stockholders as individuals. The arrangement between the parties amounts in legal effect to either a partnership or a joint adventure, and it is immaterial to determine which, for the relief sought is equally applicable to either situation.

Conceding that, if the complaint asked only for a dissolution of the corporation, the appellant would not be entitled to such relief, yet what is asked here is in fact the dissolution of the partnership or joint adventure and for an accounting between the parties, and incidentally the affairs of the corporation are to be adjusted. A similar situation arose in *Cole v. Price,* 22 Wash. 18, 60 Pac. 153, where the court said:

"Another contention is that it was error for the court to include the property of the Lumbermen's Logging Company, a corporation. From the allegations of the complaint, which come before us unchallenged and undenied, it appears that the corporation is a mere organization for convenience, and all of its capital stock and the assets and property thereof belong to the partnership; moreover, the court has found the fact to be that the corporation is a mere name and agent of the partnership."

For these reasons the demurrer should not have been sustained, and the judgment is reversed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.