[No. 27523.  Department Two.  July 20, 1939.]

ARTHUR BANK, *Respondent*, v. GEORGE NELSON
*et al., Appellants.*[1]

[1]Reported in 92 P. (2d) 711.

*George Nelson, pro se.*

*Bogle, Bogle & Gates, Ray Dumett,* and *Warren Brown, Jr.,* for respondent.

*Hyland, Elvidge & Alvord,* for receiver.

SIMPSON, J.—This appeal is taken from an order of the superior court appointing a receiver to take charge of the assets, equipment, and records used in connection with the partnership known as the Cities Contracting Company.

Briefly stated, the complaint alleges the formation of the partnership consisting of plaintiff and defendants November 29, 1932, for the purpose of hauling garbage for the city of Seattle during the continuance of a five-year contract entered into with the city on or about December 9, 1932; the refusal of plaintiff's partners to pay him his proportionate share of the profits; numerous improper payments and distributions made by the partners to themselves; their failure to comply with his demands for a complete accounting of the partnership business; and the necessity of the appointment of a receiver for the partnership to protect the plaintiff's interests.

In his answer and cross-complaint, defendant Nelson admitted the existence of the partnership of November, 1932, denied the material allegations of the complaint, and then alleged various improper acts on the part of plaintiff which resulted in a loss to defendant Nelson of $130,000.

After the complaint had been filed, plaintiff moved for the appointment of a receiver to take charge of the partnership property of the Cities Contracting Company. The motion was heard upon affidavits presented by the litigants. At the conclusion of the hearing, the court appointed Ivan L. Hyland as receiver. Mr. Hy-

land qualified as receiver and took charge of the partnership property.

Defendants Nelson have appealed. We will refer to George Nelson as though he were the only appellant.

The following are the assignments of error: The court erred (1) in overruling appellant's demurrer, (2) in denying appellant's motion to dismiss, (3) in sustaining respondent's challenge to the sufficiency of the allegations in response to the application for a receiver, (4) in appointing a receiver, and (5) in denying the motion for a new trial.

The facts essential to this decision may be summarized as follows: The parties to this action and Francis Tierney, November 29, 1932, entered into a partnership agreement, by the terms of which they were to secure and perform a contract with the city of Seattle for the hauling of garbage during the period from January 18, 1933, to January 18, 1938. Sometime after the work of hauling garbage was commenced, the parties became involved in an acrimonious dispute concerning the percentage of profit that the different partners should receive. The controversy resulted in litigation, which was finally decided in this court, *Kelly v. Bank,* 188 Wash. 614, 62 P. (2d) 1359. Subsequent to the decision in the above case, the relations between the partners became increasingly inharmonious by reason of disputes concerning the fiscal affairs of the partnership business.

November 5, 1937, after the complaint in this case had been filed, a hearing was had before Honorable Calvin S. Hall, one of the judges of the superior court of King county, upon a motion to appoint a receiver. At the close of that hearing, the court made and entered an order impounding certain funds belonging to the partnership to protect the interests of respondent "in lieu of further proceedings under receivership."

January 1, 1936, the partners Nelson and Kelly refused to permit respondent to withdraw funds from the business or to have anything to do with its affairs or its management.

From February, 1933, to January, 1935, appellant received a salary from the partnership business in the sum of $5,248.11, defendant Ray Kelly was paid as salary the sum of $6,550, and respondent's salary was paid in the sum of $561.35. Payment of salaries was stopped February 1, 1935.

Subsequent to the entry of the order by Judge Hall, appellant and Ray Kelly, together with other persons, incorporated a company known as City Garbage & Contracting Company, Inc., without consulting respondent. The new company entered into a contract with the city of Seattle for the hauling of garbage during a period of five months beginning January 19, 1938. The corporation took possession of the trucks and equipment owned by the partnership under a rental agreement made by appellant and Kelly whereby the partnership was to receive as rent five per cent per month of the appraised value of the trucks and equipment. Appellant admits profits were made by the copartnership up to the time the original city contract ended January 18, 1938.

The affidavits presented by respondent and appellant disclose an utter inability to agree upon any of the business matters concerning the partnership or its business.

Appellant claimed that respondent had caused damages to him in a very large amount, and respondent alleged that the reports concerning a partnership business were incorrect and that he had a large amount coming to him in undivided profits. They could not agree as to the value of the large fleet of trucks and other equipment owned by them and used in the

garbage hauling business. It was under such circumstances that the court appointed a receiver.

The first three assignments of error relating to the overruling of the demurrer and the denial of the motions are without merit, for the reason that the record does not contain any order overruling the demurrers, nor does the record indicate the motions were denied.

■ It is contended by appellant that the court should not have appointed a receiver because the impounding order fully protected respondent; that the contract to haul garbage had ended; and that the only assets remaining were the trucks and equipment used in the performance of the contract.

We are unable to agree with appellant. Appellant and Kelly had excluded respondent from participation in the business transactions; they had allocated large salaries to themselves and a small one to respondent; they had arbitrarily taken the partnership property, rented it to themselves, and proceeded to continue the garbage hauling business for their individual profit.

■ The relationship between partners must be characterized by the utmost good faith.

"There is no stronger fiduciary relation known to the law than that of a copartnership, where one man's property and property rights are subject to a large extent to the control and administration of another." *Salhinger v. Salhinger,* 56 Wash. 134, 105 Pac. 236.

The same view was expressed in *Danich v. Culjak,* 190 Wash. 79, 66 P. (2d) 860:

"The relation existing between copartners is one requiring the exercise of the utmost good faith. Each partner is a trustee for all, and no individual or group may take an unconscionable advantage of another."

See, also, *Kittilsby v. Vevelstad,* 103 Wash. 126, 173 Pac. 744; *Maryland Casualty Co. v. Tacoma, ante* p. 72, 90 P. (2d) 226.

47 C. J. 771, § 209, states:

"The relation of partnership is fiduciary in character, and imposes upon the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs, of acting for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind. Statutes in some jurisdictions expressly provide for such a relation and obligation as between partners. The obligation extends to the statements and dealings made by parties during negotiations for the formation of a partnership, to partners negotiating for the purchase or sale of a partner's interest in the firm, and to matters incident to the winding up of the affairs of the firm."

Appellant argues that the order following the hearing of November 5, 1937, impounding assets of the copartnership, forecloses the right of the respondent to have a receiver appointed, and that a receiver should be appointed only when it appears that a necessity exists for the exercise by the court of that extraordinary remedy.

In *Martin v. Wilson*, 84 Wash. 625, 147 Pac. 404, this court announced the rule relative to the appointment of receivers as follows:

"The rule is well established that where a partnership has been dissolved, or a suit for dissolution and an accounting is pending and there is a serious lack of understanding and harmony between partners, and one partner is excluded from any voice in the management and control of the affairs of the partnership, a receiver will be appointed. *Cole v. Price*, 22 Wash. 18, 60 Pac. 153; *Redding v. Anderson*, 37 Wash. 209, 79 Pac. 628; 30 Cyc. 726 *et seq.* The rule may be epitomized: if the parties to a partnership will not trust each other, equity will not trust either of them to settle an affair in which each of them, but for their differences, would be entitled to share in equal degree."

See, also, *Whipple v. Lee,* 46 Wash. 266, 89 Pac. 712; *Wroten v. Robbins,* 103 Wash. 393, 174 Pac. 968; and *Duley v. Duley,* 112 Wash. 183, 191 Pac. 828; Lindley on Partnership (8th ed.), 617; Crane on Partnership (1938), p. 339; Kerr on Receivers (7th ed.), p. 99; 2 Clark on Receivers (2d ed.), p. 1334, § 911; *Creel v. Creel,* 73 F. (2d) 107; 47 C. J. 1220, § 931; *Jones v. Jones,* 229 Ky. 71, 16 S. W. (2d) 503.

The actions of the partners Nelson and Kelly after the signing of the order providing for the impounding of partnership funds, together with the inharmonious relations and the attitude of distrust which attended all of their business dealings, and the adverse economic consequences produced thereby, fully justified the appointment of a receiver.

We are unable to find that the trial court abused its discretion in the denial of the motion for a new trial.

The order is affirmed.

BLAKE, C. J., BEALS, JEFFERS, and GERAGHTY, JJ., concur.