[No. 29120. *En Banc.* April 1, 1944.]

M. M. KALEZ, *Respondent,* v. F. J. MILLER
*et al., Appellants.*[1]

*Edge, Davenport, Keith & dePender,* for appellants.

*Paine, Lowe, Davis & Russell,* for respondent.

MALLERY, J.—This is an action to dissolve a partnership and for an accounting.

[1]Reported in 147 P. (2d) 506.

Prior to 1932, the plaintiffs, M. M. Kalez and Lorenzo Walter, and the defendants, W. E. Newman and W. L. Spencer, were practicing physicians in the city of Spokane. They had adjoining offices but were not practicing together. In that year, they decided to form a clinic for the purpose of securing a type of practice which for convenience we will designate as contract work. The medical services were to be rendered for a flat fee payable monthly under the terms of contracts entered into with individuals and with certain groups.

Pursuant to the plan, the parties attempted to incorporate under the name of Spokane Medical and Surgical Clinic. All the appropriate steps for incorporation were taken and the incorporators each took a one-fourth interest. They turned in to the corporation their equipment used in their medical practices. They also individually entered into contracts of employment with the corporation.

They at once proceeded to secure contracts through a solicitor under which they obligated themselves to render certain medical services at a flat rate. They also took such regular business as came to them. Some of the parties belonged to the national guard. As a result of these contracts, they also attracted a considerable amount of work in making examinations in connection with the armed forces of the United States as well as with the Civil Aeronautic Authority. Later, Drs. Newman and Miller resigned their commissions as reserve officers and Dr. Kalez, on June 1, 1941, was called into active military service. During the history of the corporation, other doctors, not members of the organization, had been employed on a salary basis.

In the meantime, Dr. Walter died. Dr. Miller, who had been employed by the clinic, was given an opportunity to purchase the interest of the deceased, Dr. Walter. Dr. Miller purchased this interest, not from Dr. Walter's estate, but from the remaining parties. It was paid for by applying the difference between his salary and his net share of the earnings of the group, on the purchase price,

and, after it was paid up in full, he participated in the profits.

After Dr. Kalez was inducted into the military service and ceased to render any service on behalf of the group, they ceased to pay him any salary and in addition failed to account to him for any profits from the corporation. This caused a controversy. The parties being unable to reconcile their differences between themselves, Dr. Kalez brought an action on January 15, 1942, to dissolve the partnership and for an accounting; this form of action having been adopted as a result of receiving legal advice that there was no authority in law for the organizing of a corporation whose purpose was the practice of medicine.

All the parties and the court have treated the case as if the attempted corporation were void and that the parties would therefore be governed by the rules of partnership. That theory thus becomes the law of this case. This situation naturally presents some difficulties, since the mode of conducting corporations differs in many respects from the conduct of partnership. However, since the partnership has substantial assets and the rights of the parties have never been defined under partnership agreements, as such, we must treat certain by-laws as if they were contracts and interpret them in the light of the partnership operations.

From the judgment of the court, the defendants have appealed and have made the following assignments of error:

"(1) That the court erred in holding that the stock pooling agreement was not in full force and effect.

"(2) That the court erred in holding that the by-law of August 1, 1935, did not apply to respondent.

"(3) That the court erred in allowing to respondent any share in the earnings of the clinic after June 9, 1941, except as provided in the by-law.

"(4) That the court erred in allowing plaintiff $10,000, or any sum, for good will."

 Under the first assignment of error, the appellants contend that a certain stock pooling agreement which provided for certain options for the purchase of stock by the

members at book value, without including anything for good will, and fixing the value of the fixtures of the corporation at one dollar, was in effect. Such a stock pooling agreement, for the term of three years, had been entered into by the partners on the 30th day of June, 1937. It expired by its terms three years later. The instrument in question, which was similar in purport, was prepared and executed by all of the partners except the respondent. It appears that the respondent put the agreement, unexecuted, in his desk, where it was found after the controversy herein arose. Appellants contend that his silence on the matter constituted an acceptance, and that it was therefore binding upon him.

We have examined the authorities submitted by appellants and do not find that this case falls under any of the very restricted situations in which silence constitutes an acceptance of a contract. This assignment of error therefore fails.

█ Appellants next contend that the court erred in. holding that the by-law of October 1, 1935, did not apply to respondent. The respondent was present and agreed to the by-law, which is as follows:

"August 1, 1935. It was moved and seconded and duly passed by the members of the clinic that the following addition to the by-laws of the corporation, viz.: Art. 3, Section 4.

" 'Provided, however, that if any employee shall be engaged in military or naval or any other outside service for a longer period than 15 (fifteen) days for compensation in any fiscal year then his salary from the clinic shall be reduced as follows: During the 15 days next following the 15 days above referred to by 50%; during the next 15 days by 75% and thereafter his salary shall cease.' "

This by-law must be treated, by reason of respondent's agreement with it, as a contract, and it is, therefore, binding upon him. The appellant's position, however, is not sustained by the record. The court gave effect to the by-law and, in interpreting its meaning, properly held that salaries and not profits were treated therein. In the contracts of employment, which all of the partners made with

the corporation, a fixed salary was provided for. It is true, in the early period of the corporation, the revenue was insufficient to pay the salaries, which were carried as unpaid on the books for a time, but later, as a practical matter, they simply divided the net revenue without carrying forward any further deficits on the salary account. This, however, did not necessarily abrogate the employment contracts nor eliminate the possibility of profits accruing as such. Eventually, the revenue exceeded the amount of the salary, and, in the case of Dr. Miller, the difference between the salary and the combined salary and profits was applied as a purchase price of his interest in the business. The court's determination, therefore, that the salary contemplated did not consist automatically of one-fourth of the net revenue, was correct. His determination that a reasonable salary, in the amount of five thousand dollars a year, was proper, and the appellants can have no complaint because they were thus allowed an amount slightly greater than the contract salary. The respondent therefore was entitled to his share of the profits after the salaries were paid, even though he had ceased to render the service which would have entitled him to a salary as such.

The appellants' third assignment of error that the court erred in allowing respondent a share in the earnings in the clinic after January 9, 1941, must fail for the same reason, and for the further reason that, though respondent was not entitled to any salary after January 9, 1941, the partnership was not dissolved until his action was brought January 15, 1942. His right to profits did not cease until then.

Appellants' last assignment that the court erred in allowing respondent ten thousand dollars or any sum, for good will, presents a difficult question. The respondent testified that, after the attempt to incorporate, all reasonable efforts were made to build up the business of the Spokane Medical and Surgical Clinic, as such, and that the personalities of the doctors composing the corporation were deliberately submerged. It is respondent's contention that,

from a slow and difficult beginning, the clinic in its recent years had grown into a substantial institution, which had a value over and beyond the tangible assets, which consisted of good will, one-fourth of the value of which he is entitled to recover from the appellants. In this connection it should be stated that the clinic occupied the same quarters which three of the living incorporators had occupied previously. The telephone company, not having printed a new directory since the action for dissolution, naturally carried the telephone in the name of Spokane Medical and Surgical Clinic. There are still some unexpired contracts which had been made by the clinic for a flat fee service. On the other hand, since the bringing of the action to dissolve the partnership, the appellants have entered into a partnership agreement among themselves and their business is carried on in their names, as individuals. The telephone is not answered in the name of the Spokane Medical and Surgical Clinic nor is the name used in any way, except on the door, under which the name of A. W. Morris, as receiver, appears.

A. W. Morris was appointed, as receiver, by the court to collect the accounts receivable of the clinic that have accrued prior to the action for dissolution of the partnership. It is the express purpose of this new and different partnership, composed of the appellants, to conduct their practice of medicine in their own names, as individuals. None of the contract business of the clinic has been renewed and will not be, and no new contracts are to be made. After the expiration of the contracts still in force, none of this business, which was the chief objective of the corporation, will remain.

The respondent is in the position of being one member of a partnership who seeks to dissolve the partnership and recover the value of good will from the other partners who are not continuing the business. That he is unable, by reason of his military service, to conduct the business of the Spokane Medical and Surgical Clinic, himself, is of no significance. The other members are probably able

but have no obligation to do so. The new partnership is different from the old one. The respondent is not privy to it. His rights are not involved if they elect to abandon the business, built up by the clinic, with the result that any good will attached to the clinic may become lost. There is nothing in the record from which it appears that the respondent would be prohibited from preserving, on his own behalf, any value in the good will of the Spokane Medical and Surgical Clinic if he desires to do so, purely personal reasons alone excepted.

A view of the entire record convinces us that the controversy between the parties grew out of different views, none of which, on either side, were incompatible with proper motives, in the light of what each contended the rights of the parties were. The appellants continued to carry on the business in the absence of the respondent, and he found it advisable to bring an action for an accounting to assert his view of what his rights were. He has recovered a substantial judgment, which sustained his view of his rights. The situation is not one, however, where it can be said that the appellants have converted any property consisting of good will to their own use so that they would be accountable to him for the reasonable value thereof. The appellants elect not to continue the name and business of the Spokane Medical and Surgical Clinic, and the duty is not on them to preserve any element of good will in a partnership which the respondent has elected to have dissolved. The respondent, therefore, cannot recover the value of the good will, as of the time of dissolution, from the appellants.

Upon the question of good will, the appellants contend that, as applied to the practice of medicine, it cannot be made the subject of transfer. The respondent contends that it can and that respondent is entitled to recover therefor. We did not reach that question, under the facts herein presented, for the reason that all of the parties, including the respondent, are going to abandon the business, whereby the value of the good will will be lost. That loss must lie

where it falls. We hold that the last assignment of error is well taken.

Accordingly, the decree will be modified by striking from it the item therein allowed for good will. It will be otherwise affirmed. Appellants, having secured a material modification of the decree in their favor, will be allowed their costs on appeal.

STEINERT, BLAKE, ROBINSON, JEFFERS, and GRADY, JJ., concur.

BEALS, J., concurs in the result.

MILLARD, J. (dissenting)—Appellants excluded respondent from the partnership and then, when the action was instituted by respondent, they abandoned the partnership. It was then too late for appellants to avoid liability to respondent for his proportionate share of the value of the good will of the partnership.

While a corporation to practice medicine cannot exist within this state, the physicians who attempt to organize such corporation have the status of partners. As between themselves, their relationship each to the other and all of the partners being highly fiduciary in character, the courts hold each of the partners to a high standard of integrity. *Bank v. Nelson,* 199 Wash. 631, 635, 92 P. (2d) 711.

Having excluded respondent from the partnership, the remaining partners, each being the trustee for all of the partners, appropriated the good will of the partnership, and, under the authorities, the excluded partner is entitled to recover from his partners the proportionate value of the good will of which he was deprived. See *Hutchins v. Page,* 204 Mass. 284, 90 N. E. 565, 134 Am. St. 656.

The trial court found, and the findings are sustained by ample evidence, that, shortly after respondent was called into active service, appellants jointly excluded respondent from further participation in the income and profits of the clinic, deliberately appropriated to themselves the income as cash was collected, and declared that respondent was

no longer entitled to participation therein. The court further found that appellants continued the practice of medicine and surgery and the performance of contracts between the clinic and various patients for medical and hospital treatment, maintained the same offices, and used the same name of Spokane Medical and Surgical Clinic. By reason of the use of the name and the reputation which it established during the period of years it operated, the clinic developed a very valuable good will of which the respondent's interest therein was in the amount of ten thousand dollars. Appellants were doubtless satisfied with the foregoing findings, as there is an absence of request on their part for contrary findings.

That good will exists in a professional practice or in a business which is founded upon personal skill or reputation, is now accepted by the courts as a correct doctrine. That good will exists in the professional practice of a physician and surgeon and is entitled to protection of the law, is held in *Randolph v. Graham,* 254 S. W. (Texas Civ. App.) 402. See, also, *Maxwell v. Sherman,* 172 Ala. 626, 55 So. 520; 24 Am. Jur. 808, § 11.

It is true there are some cases which hold that the good will of a clinic operated by parties as in the case at bar could not have been sold for any amount because it was the professional practice of physicians and surgeons, therefore, not a business to which good will adhered; however, the weight of authority is *contra.* It should be borne in mind that this is not the sale of a business but it is a case where the appellants appropriated the respondent's interest in a business. Appellants continued to practice medicine and surgery at the same old stand under the name of the Spokane Medical and Surgical Clinic, occupied the same offices, and kept on receiving the revenues from the patients.

Where such an appropriation takes place, the excluded partner—respondent in the case at bar—is entitled to what the business is worth to those who take it and they—appellants—must be charged therewith. *Hutchins v. Page,*

*supra; Donleavey v. Johnston,* 24 Cal. App. 319, 141 Pac. 229; *Sheppard v. Boggs,* 9 Neb. 257, 2 N. W. 370.

The judgment in all respects should be affirmed.

SIMPSON, C. J., concurs with MILLARD, J.

May 17, 1944. Petition for rehearing denied.