SKOPIL, Circuit Judge:
This is an appeal from a district court order affirming a bankruptcy court's decision that a debtor was acting in a fiduciary capacity resulting in the non-dischargeability of a debt to a joint venturer. We affirm.
FACTS AND PROCEEDINGS BELOW
In 1973 Robert and Dolores Short, David and Susan Lewis, and John and Sigrid McQuaid entered into a joint venture for developing real property. Pursuant to a written agreement, Robert Short handled the affairs of the joint venture. Section 2 of the joint venture agreement provided:
Robert E. Short shall assume responsibility for overseeing the property and ensuring that all taxes, debt services, and other expenses are paid on a timely basis. He will maintain books of account showing all expenditures on account on the properties or in connection with them. Additionally, he will lease the properties as required. He is solely responsible for the satisfactory construction of all duplex buildings.
After the sale of the last duplex, all profits were available for distribution. Although the joint venture was profitable, the Lewises received no portion of the proceeds or profits. The Shorts allegedly took the payments which belonged to the joint venture and spent them on personal living expenses.
Eventually, John McQuaid contacted Robert Short and threatened to sue him and report him to the IRS. Robert Short transferred $20,000 on the following day to McQuaid from the joint venture assets. Short admits that this amount included a portion of the Lewises’ share of the joint venture because McQuaid was entitled only to approximately $9,000.
Thereafter, the Shorts filed a voluntary petition for relief under Chapter 11 and later converted it to a Chapter 7 proceeding. The Lewises filed a complaint in bankruptcy court to determine the dis-chargeability of the debt owed them by the Shorts. The bankruptcy court found the debt to be nondischargeable under 11 U.S.C. § 523(a)(4) (1982). After a hearing on the issue of damages, the bankruptcy court awarded the Lewises $10,000 plus interest, costs, and attorney’s fees.
The district court affirmed. The Shorts timely appealed.
DISCUSSION
Debts which arise from “fraud or defalcation while [the debtor was] acting in a fiduciary capacity” are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(4). The bankruptcy court held that Robert Short’s misconduct in managing the joint venture profits was a “defalcation” and that Short was acting in a fiduciary capacity under section 523(a)(4) at the time. See In re Barwick, 24 B.R. 703, 706 (Bankr.E.D.Va.1982) (defalcation includes the innocent default of a fiduciary who fails to account fully for money received); In re Levitt, 18 B.R. 598, 602 (Bankr.E.D.Pa.1982) (defalcation found when fiduciary misapplied funds under belief he was authorized to do so). Short argues, however, that the bankruptcy laws were designed to allow discharge-ability of debts created through simple business relationships and that the type of fiduciary relationship usual in many business relationships would not preclude dis-chargeability. As authority, he cites Chapman v. Forsyth, 43 U.S. (2 How.) 202, 207, 11 L.Ed. 236 (1844) (a factor who retains *695 the money of his principal is not a fiduciary debtor within the Bankruptcy Act). Specifically, he contends that a partner is not a fiduciary within the meaning of the Bankruptcy Act. See In re Frazzetta, 1 F.Supp. 122 (W.D.N.Y.1932).
Short’s arguments are not persuasive and fail to address current law. Because the broad general definition of fiduciary — a relationship involving confidence, trust, and good faith — is inapplicable in the dischargeability context, ordinary commercial relationships are excluded from the reach of section 523(a)(4). In re Schultz, 46 B.R. 880, 884 (Bankr.D.Nev.1985). The trust must have been created before the act of wrongdoing. The debtor must have been a trustee before the wrong and not a trustee ex maleficio. Davis v. Aetna Acceptance Co., 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986). Thus, constructive or implied trusts are excluded, but statutory trusts are not. In re Pedrazzini, 644 F.2d 756, 758 n. 2 (9th Cir.1981). Although the concept of fiduciary capacity is a narrowly defined question of federal law, state lav/ can be consulted to determine when a trust exists. Id. at 758; Haller, 780 F.2d at 795-96 (the meaning of “fiduciary” in section 523(a)(4) is an issue of federal law reviewed de novo).
In Haller, we applied California statutory and case law to determine that partners under California law are fiduciaries under section 523(a)(4). We held that the partnership debt was non-dischargeable. Haller, 780 F.2d at 796-97. See also Matter of McCraney, 63 B.R. 64, 65 n. 3 (Bankr.N.D.Ala.1986) (listing of discharge-ability cases in seven circuits); but see In re Hurbace, 61 B.R. 563, 566 (Bankr.W.D.Tex.1986) (refusing to follow Haller because Texas courts have not expanded partnership relationship).
Furthermore, we reasoned that “[i]f state law makes clear that a partner necessarily is a trustee over partnership assets for all purposes, then that partner is a fiduciary within the narrow meaning of § 523(a)(4).” Haller, 780 F.2d at 797. In this case, the Washington statute and case law make clear that Short was a fiduciary within the meaning of section 523(a)(4).
In language identical to the California statute in Haller, the Washington statute provides in pertinent part:
Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.
R.C.W. § 25.04.210(1) (1969). As the California courts, the Washington courts have also expanded the duties of partners beyond those required by the literal language of the state statute. In Washington,
[i]t is the universal rule that partners are required to exercise the utmost good faith toward each other, and, where an accounting is had, it is the duty of a partner who manages, conducts, or operates a partnership business, to render complete and accurate accounts of all of the partnership business. This rule is grounded upon the theory that the managing partner is acting as a trustee for his firm.
In re Wilson’s Estate, 50 Wash.2d 840, 846, 315 P.2d 287, 292 (1957) (quoting Simich v. Culjak, 27 Wash.2d 403, 408, 178 P.2d 336, 339 (1947)) (emphasis added). Washington law has long held “that the relationship among partners is fiduciary in character and imposes upon the partners the obligation of candor and utmost good faith in their dealings with each other.” Bovy v. Graham, Cohen & Wampold, 17 Wash.App. 567, 570, 564 P.2d 1175, 1177 (1977). There is no stronger fiduciary relationship known to the law than that of co-partners and each partner is a trustee for all. Bank v. Nelson, 199 Wash. 631, 635, 92 P.2d 711, 712-13 (1939). Moreover, under Washington law, joint venturers are like partners. They “owe to each other undivided loyalty and stand in the position of fiduciaries in all matters pertaining to the venture.” Gleason v. Metropolitan Mortgage Co., 15 Wash.App. 481, 496, 551 *696 P.2d 147, 157 (1976). See also Donaldson v. Greenwood, 40 Wash.2d 238, 249, 242 P.2d 1038, 1045 (1952).
In this case, Short, as the joint venturer in charge of joint venture affairs, was in the same position as a managing partner. Under the joint venture agreement and Washington law, Short had a duty to act as trustee for the affairs of the joint venture. He controlled the construction of the duplexes, their sale, and the distribution of the resulting profits. Short was responsible for paying the taxes and other expenses, maintaining the books, and leasing the properties. Under Washington’s partnership law and section 523(a)(4), Short was a fiduciary for the joint venture when he committed the defalcation.
AFFIRMED.