**In re John C. MAUK, Debtor.**

**SINES & SONS, INC., Plaintiff,**

**v.**

**John C. MAUK, Defendant.**

**In re Dennis P. MAUK, Debtor.**

**SINES & SONS, INC., Plaintiff,**

**v.**

**Dennis P. MAUK, Defendant.**

**Bankruptcy Nos. B87–03820, B88–0420.
Adv. Nos. B88–0022, B88–0216.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Dec. 30, 1988.

Harvey Morrison, Cleveland, Ohio, for plaintiff.

James Loiacono, Painesville, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

This matter is before the Court on complaints to determine dischargeability under Section 523(a)(4) of the United States Bankruptcy Code filed by Sines and Sons, Inc. and Defendant–Debtors' answers thereto. The parties submitted the matter for decision on stipulations and briefs.

Stipulations are as follows:

"I. The within adversary proceedings have been previously consolidated for disposition.

II. The "Employment/Management Agreement" and "Lease Agreement", attached to the respective complaints, and respectively designated as Exhibits A and B, are true copies of the original documents and may be accepted by the Court in lieu of filing originals, and without further proof of authenticity of the same.

III. At all times complained of, Plaintiff was the owner of the liquor license for the premises located at and known as 1808 North Ridge Road, Painesville, Lake County, Ohio ("BUSINESS").

IV. On or about August 31, 1985, the Defendants–Debtors, JOHN C. MAUK and DENNIS P. MAUK, (collectively referred to as "DEBTOR"), entered into the agreements with Plaintiff which have been designated Exhibits A and B.

V. That Debtor operated the business under Plaintiff's liquor license from September 1, 1985 until September 25, 1986.

VI. On July 25, 1988, the Tax Commissioner of the State of Ohio considered Plaintiff's objections to assessments, and determined that unpaid sales taxes of $12,-563.04 plus $164.45 in statutory penalties, for a total of $12,727.49, is due from Plaintiff for the period during which the business was operated by Debtor.

VII. Under the terms of the instruments designated as Exhibits A and B, Debtor covenanted and agreed to be responsible for all sales taxes incurred in the operation of the business.

VIII. The Defendants admit that they failed to pay all sales taxes due and owing from the operation of the business to the State of Ohio."

On examination of the bankruptcy files and exhibits herein the Court further finds:

IX. Pursuant to Exhibit B, Lease Agreement, Debtors agreed to be responsible for sales taxes from commencement of the lease until its termination. (Article III).

X. In Exhibit A, Employment/Management Agreement, Debtors agreed to operate the business in a lawful manner and to comply with the laws of the State of Ohio (Paragraph 1). They agreed to pay all operating expenses as they became due, including taxes (Paragraph 3). Further, they agreed to indemnify and hold Plaintiff harmless from any and all loss resulting from their management and operation of the business (Paragraph 5). Contained in this same agreement, Plaintiff had the right to inspect all books and records to ascertain that all bills and indebtedness were being paid in a prompt and business-like manner (Paragraph 8). Debtors' compensation for their services was the retention of sums from operations after payment of required bills and expenses (Paragraph 9). The business was operated under Plaintiff's permits pending their transfer to Debtors (Paragraph 10).

XI. Debtors, John and Dennis Mauk, filed individual voluntary petitions under Chapter 7 of the United States Bankruptcy Code on October 23, 1987 and February 11, 1988, respectively.

Plaintiff challenges dischargeability of Debtors' liability for payment of sales tax incurred during their operation of Plaintiff's business pursuant to their agreements. Relief is sought under Section 523(a)(4) which delineates non-dischargeability of debts,

"for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ..." 11 U.S.C. § 523(a)(4)

Specifically, Plaintiff asserts Debtors' liability is predicated on defalcation while acting in a fiduciary capacity. Alternatively, liability is allegedly founded on embezzlement.

## I. DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY.

■ To establish non-dischargeability of a debt for defalcation while acting in a fiduciary capacity, there must be 1) a trust status to the property in issue; 2) fiduciary capacity; 3) defalcation. *Capitol Indemnity Corp. v. Interstate Agency, Inc.,* 760 F.2d 121 (6th Cir.1985). The issue of fiduciary status is one of federal law. Ordinary commercial relationships are not within the exception. Moreover, the exception only applies to technical or express trusts, a concept established under the prior Bankruptcy Act which continues in the present law. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *Carlisle Cashway, Inc. v. Johnson,* 691 F.2d 249 (6th Cir.1982); *Lewis v. Short,* 818 F.2d 693 (9th Cir.1987). State law controls determination of the legal interests involved and whether a trust relationship in fact exists. *Capitol Indemnity Corp. v. Interstate Agency, Inc.,* 760 F.2d 121 (6th Cir.1985); *Carlisle Cashway, Inc. v. Johnson,* 691 F.2d 249 (6th Cir.1982). Characteristics of an express trust are: 1) the imposition of a trust relationship; 2) a clearly defined res; 3) the trustee is charged with specific affirmative duties. *Carlisle Cashway, Inc.*

■ Plaintiff argues that Debtors were fiduciaries pursuant to their agreements and Ohio law. Examination of the agreements between the parties, however, reflects nothing more than a contractual relationship for responsibility of the sales tax

payment. Clearly, the agreements do not, nor were they intended to establish a trust relationship with respect to Debtors' leasing and management of the business. The attempt to establish non-dischargeability based on these agreements must, therefore, fail.

Ohio law provides that a vendor is responsible for collection of sales tax as follows:

"Except as provided in section 5739.05 of the Revised Code, the tax imposed by or pursuant to section 5739.02, 5739.021 [5739.02.1], 5739.023 [5739.02.3], or 5739.-026 [5739.02.6] of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale, in the manner and at the times provided as follows ..." Ohio Revised Code Ann. § 5739.03 (Anderson, 1986)

In addition, Section 5739.33 of the Ohio Revised Code imposes personal liability for such taxes on a corporation's "employees having control or supervision of or charged with the responsibility of filing returns and making payments ..." Ohio Rev.Code Ann. § 5739.33 (Anderson Supp.1987).

Plaintiff maintains Debtors are fiduciaries by virtue of Section 5739.03 which establishes a trust respecting vendor's collection of sales tax. While that section arguably establishes a specific trust for purposes of non-dischargeability, Debtors are not the fiduciaries. Stipulations and exhibits indicate Debtors were operating Plaintiff's business for the Plaintiff, under Plaintiff's license and permits. Given these circumstances, Debtors were not vendors for purposes of Section 5739.03 of the Ohio Code and, therefore, were not subject to the fiduciary duties imposed thereby. Debtors clearly had a contractual duty to collect and pay the taxes. Any liability on their part for payment of the taxes under the Ohio Code is imposed by Section 5739.-33. This liability is personal and does not arise from imposition of a fiduciary relationship.

## II. EMBEZZLEMENT

 Plaintiff characterizes Debtors' failure to pay sales tax as an embezzlement which, for purposes of Section 523(a)(4), is defined as:

"the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud." *Driggs v. Black*, 787 F.2d 503 (10th Cir.1986).

The stipulations do not establish a basis for finding Debtors' failure to pay sales tax was fraudulent. Therefore, no evidence exists to determine the debt in question is an embezzlement.

### CONCLUSION

Under the facts presented, Debtors' liability for failure to pay sales tax is not a debt incurred while acting in a fiduciary capacity, nor is it based on embezzlement. Consequently, Debtors' liability is not a debt within the parameters of Section 523(a)(4) and is, therefore, dischargeable. Defendant, John Mauk's request for costs and attorney fees is denied, however, since it is outside the scope of Section 523(d) which sets forth the basis for such awards. Under that section, judgment for costs and fees is appropriate only where the dispute concerns a consumer debt which is clearly not involved herein.